*559 OPINION.
MillikeN :
Three questions are presented for decision. They are: (1) Whether the Board has jurisdiction of this proceeding in so far as the taxes for the years 1917 and 1918 are concerned; (2) whether the assessment and the collection of said taxes are barred by the statute of limitations; and (3) whether respondent erred in attributing the gain arising from the sale of stock of the Peerless Befining Co. to Henry L. Doherty & Co. to the year 1917 rather *560 than to the year 1916. These issues will be discussed in the order set forth.
Eespondent contends that the Board is without jurisdiction for two reasons — first, because no bonds accompanied the claims in abatement and, second, because respondent did not in his letter of October 7, 1926, reject such claims in whole or in part, but acted on petitioner’s protest of June 24, 1926.
The Eevenue Act of 1926 was enacted on February 26, 1926. Subsequent to that date respondent made his final determination of the tases and this appeal was filed. In White Oak Gasoline Co. v. Commissioner, 6 B. T. A. 941, we considered at length the effect of the provisions of the Eevenue Act of 1926 on the jurisdiction of the Board, and reached the conclusion that the Board had jurisdiction where a jeopardy assessment had been made, a claim in abatement thereof had been filed and the claim rejected in whole or in part, even though no bond accompanied the claim. The rule laid down in that opinion disposes of respondent’s first contention.
At this point, respondent asserts that he did not reject the claim in abatement in whole or in part; that in his final letter he did not even refer to it, and that what he in fact did was to reject in part a protest made by petitioner long after the filing of his claim. This contention leads to the result that the Board has or has not jurisdiction in such cases, depending not on what respondent actually does, but on what is stated in respondent’s letter of final determination. If petitioner had accompanied his claim in abatement with a bond, we think it could hardly be contended that respondent could oust the Board of jurisdiction by merely determining a deficiency, without stating whether he rejected the claim in abatement in whole or in part; but, as already seen, the giving of the bond is not now a jurisdictional fact. The filing of a protest, which probably would have been filed even if a bond had been given, did not obviate the necessity of passing on the merits of the claim in abatement. It was before respondent for consideration, and he could not finally determine a deficiency without in fact denying it in whole or in part: It was what he actually did, and not what he said he did, that conferred jurisdiction. By his act, he denied the claim in part and this, in our opinion, conferred jurisdiction on the Board.
Next, petitioner contends that both the assessment and collection of the taxes involved are barred by the statute of limitations. In this connection, he asserts that the waiver of February 5, 1921, extended the time for assessment only and then only as to taxes imposed by the Eevenue Act of 1916, as amended by the Eevenue Act of 1917, and therefore did not relate to profits taxes imposed *561 by the latter Act; that by such waiver petitioner waived only rights under the then existing statutes and not rights under any subsequent statute; that the waiver of March 3, 1924, being an entirely new agreement, and containing provisions which were not in the waiver of February o, 1921, superseded that waiver and therefore the time within which assessment and collection might be made should be computed from March 3,1924; that such being the case, the jeopardy assessments were made 9 days after such agreed period had expired; that if this is not true, then the period within which collection of the 1918 taxes could be made expired April 28, 1925; that since there were no further agreements extending the time for collection, the collection of the taxes for both 1911 and 19Í8 is now barred; and that the agreement of February 5, 1926, and the agreements of February 17, 1926, are not sufficient to extend the time for collection, even if effective for any purpose.
Assuming, but not deciding, that on the date the jeopardy assessments were made the time within which the taxes could be assessed and collected had expired, there remains the question, What was the effect on these assessments of the agreements between petitioner and respondent, entered into in February, 1926? In Joy Floral Co., v. Commissioner, 7 B. T. A. 800, we held that section 1106(a) of the Revenue Act of 1926 was not retrospective, and, therefore, has no application unless the bar of the statute of limitations was in effect ■on the date of its enactment, or has arisen subsequently; and that the statute of limitations, as it existed prior to the enactment of that Act, barred only the remedy and did not affect the liability. Applying this rule, we held that although both assessment and collection were barred by the statute, the liability for the tax remained, and that the remedy could be revived by a subsequent agreement, made pursuant to subdivision (c) of section 278 of the Revenue Act of 1924. This subdivision provided solely for agreements to extend the period within whjch assessments could be made and contained no provision for an agreement extending the period within which the tax could be collected.
We are of opinion that the rule laid down in Joy Floral Co. v. Commissioner, supra, is applicable here. It is true that in that case no asssessment had been made prior to the date of the agreement for the extension of the statutory period, and that in this proceeding, the assessments had been made nearly a year prior to the date of the agreements. This fact we do not deem material. Although at the date the assessments were made, all remedies were barred, the liability was still in Existence. Under these circumstances, petitioner and respondent agreed to “waive the time prescribed by law for mak *562 ing any assessment” and that such period should continue until December 31, 1926, with further provisions relative to notice of deficiency and appeal to the Board. It is clear that these agreements would have validated any assessments made after their effective date and prior to the expiration of the agreed period, and we perceive no reason why they did not give equal validity to the assessments which were then in existence. The liability for the taxes remained and they could have been reassessed. This would have been a duplication of what had been done and obviously a work of supererogation. All that was necessary to revive the remedies was an agreement made pursuant to section 218(c). Such an agreement was executed and since the effect of the agreement was to revive the remedies, it follows that the prior assessments, although dormant, were revived and made effective by the agreements.
Petitioner, however, insists that although the agreements entered into in February, 1926, extended the time for assessment (this is all that the then existing statute provided for), the time within which the collection could be made was not affected. This question was also present in Joy Floral Co. v. Commissioner, supra, and decided adversely to petitioner’s contentions. The assessments herein involved were made while the Bevenue Act of 1924 was in force, and that Act, which is the only Act that can apply, provided in section 278(d) that the period within which the assessments could be collected should be six years from the date of the assessment.
We are, therefore, of opinion that neither the assessment nor the collection of these taxes is barred by the statute of limitations.
Bespondent’s action in attributing the gain arising from the sale of stock of the Peerless Befining Co. to Henry L. Doherty & Co. to the year 1917 rather than the year 1916 must be approved. The contract of November 10, 1916, was not a contract of sale but merely gave to Henry L. Doherty & Co. an option to purchase, before a specified date, the stock of the Peerless Befining Co. Under that agreement, petitioner had no right to sue Henry L. Doherty & Co. for the purchase price until that company had exercised their right to purchase. The agreement did not vest in Henry L. Doherty & Co. any title to the stock or any right thereto until the option was finally exercised.
Petitioner, in his brief filed in this proceeding, contends that one-fourth of the profit on the completed sale contained in the cash payment made for the option in 1916, and which eventually became a part of the purchase price, is taxable in that year. Without passing on the merits of this question, it is sufficient to say that on this point the facts were stipulated, and the stipulation does not show what proportion of the stock of the Peerless Befining Co. was owned by peti *563 tioner. We only know the total amount of the purchase price and the amount of petitioner’s gain. In the absence of this factor, we are unable to determine his interest or the amount of the tax.
Under these circumstances, the gain arising from the sale is attributable to the year in which the sale was made. That year was 1917. See North Texas Lumber Co. v. Commissioner, 7 B. T. A. 1193.
Reviewed by the Board.

Judgment will be entered for the respondent.