Griffith Henshaw, Executor, Estate of William G. Henshaw, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32190.   Promulgated July 20, 1928.

*Walter C. Fox, Jr., Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

1442

1443

**OPINION.**

LITTLETON: The error assigned with respect to the inclusion in the gross estate of certain transfers of property made by decedent during his lifetime has been eliminated by a stipulation to the effect that some of these transfers were properly included in the gross estate for estate-tax purposes and others should be excluded.

This leaves the question whether all or only one-half of the community property is subject to the Federal estate tax under the Revenue Act of 1921. The Federal District Court, Northern District of California, held in *Talcott v. United States*, 21 Fed. (2d) 493, that under the law of California, a wife has not such vested interest in

community property as to prevent its being subject, as an entirety, to estate tax on death of husband. The court said:

\* \* \* *Stewart* v. *Stewart*, 73 Cal. Dec. 244, and *U. S.* v. *Robbins*, 269 U. S. 315, foreclose all arguments, supersede *Wardell* v. *Blum*, 276 Fed. 266, and require the conclusion herein.

On appeal the judgment was affirmed by the Circuit Court of Appeals, Ninth Circuit, *Talcott* v. *United States*, 23 Fed. (2d) 897. The court reviewed the status of community property in California as interpreted by the California courts and in the course of the opinion said:

" \* \* \* We are therefore clearly of the opinion that the amendments to the Civil Code adopted in 1917 did not operate to change such rule to the extent of creating in the wife a present vested interest in the property of the community during the continuance of the marriage relation." In brief, the status of the wife's interest in community property as defined in *In re The Estate of Moffitt*, remains the law of California and is unaffected by the fact that in 1917 by an act of the legislature the wife's estate on the death of her husband was relieved from the burden of the state inheritance tax. We see no escape from the conclusion that the interest of the surviving wife, as it is finally determined by the Supreme Court of California, is of a nature that renders it subject to taxation under the plain terms of the Federal Revenue Act.

Writ of certiorari was denied by the Supreme Court on June 4, 1928. While the *Talcott* case arose under the Revenue Act of 1918, and this proceeding falls under the Revenue Act of 1921, the applicable provisions of the statute are identical under each Act.

In *Mary Brent, Executrix*, 6 B. T. A. 143, the Board had before it the same question involved here in the case of a California decedent who died in 1923. In holding that the entire estate should be included for estate-tax purposes, the Board said:

It would seem from these decisions that upon the death of the husband the entire community estate should be included as a part of his gross estate as being " subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate." (Section 402, Revenue Act of 1921.) It also follows from these decisions that, as the wife takes her portion by succession and not by right of survivorship, there is a " transfer," within the meaning of section 402 of the Revenue Act of 1921, of the part of the community estate which she takes and that such part is subject to the Federal estate tax.

The above decisions are controlling and decisive of the issue here involved, and, accordingly, it would serve no useful purpose to comment upon the various objections set forth in the brief filed by counsel for the estate. The Commissioner correctly held that the value of the entire estate was subject to tax.

Reviewed by the Board.

*Judgment for $604,789.87 will be entered for the respondent.*