PANTHER RUBBER MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PANCO RUBBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19431, 19432. Promulgated September 18, 1929.

*Frank J. Albus, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

OPINION.

LITTLETON: The only question in these proceedings is whether the documents executed by petitioners by Berenstein, their president, on December 26, 1924, constitute valid consents to a later determination, assessment, and collection of income and profits taxes for the fiscal year ended June 30, 1919. The amount of the deficiencies is not otherwise in dispute.

Counsel for the petitioners attack the validity of the consents on the following grounds:

(1) That they were signed after the statute of limitations had run.

(2) That the person who signed them did not have express or implied authority to sign a waiver on behalf of either of the petitioners.

(3) That neither Berenstein nor Lucier knew at the time they were signed that the statute of limitations had run in favor of the petitioners.

(4) That they were signed under duress.

(5) That neither bore the impression of the corporate seal.

The evidence relative to the first contention of petitioners shows that the statutory period of limitation with respect to the fiscal year ended June 30, 1919, expired on September 16, 1924, and that the consents were executed December 26, 1924. We held in *Joy Floral Co.*, 7 B. T. A. 800, which involved a fiscal year ended July 31, 1919, that a consent executed in December, 1924, subsequent to the expiration of the statutory period, was valid. In that case we said:

In this situation the Commissioner and the petitioner entered into a consent in writing that the tax might be assessed and collected at a later date. The execution of such a consent is expressly authorized by statute as a method of extending the period within which taxes may be determined, assessed and

collected. Reaching the conclusion which we do with respect to the character and effect of the statutory limitation and considering that the consents in question are not waivers of the statute but were entered into pursuant to its express forms for the purpose of extending the time within which taxes might be assessed and collected, we have no doubt that they were effective for that purpose.

Consequently, in these proceedings, the fact that the papers were signed after the expiration of the statutory period does not render them ineffectual. *Stuart A. Russell et al.*, 12 B. T. A. 56; *Ginn-Coleman Co.*, 12 B. T. A. 550; *Pictorial Printing Co.*, 12 B. T. A. 1407; *Estate of John W. Peale*, 13 B. T. A. 1101; *Bradford Co.*, 14 B. T. A. 339; *Wells Brothers Co. of Illinois et al.*, 15 B. T. A. 79. Cf. *Greylock Mills*, 9 B. T. A. 1281; 31 Fed. (2d) 655.

The insistence of petitioners that their president, who signed the waivers, had neither express nor implied authority to consent, is not well taken. *National Water Main Cleaning Co.*, 16 B. T. A. 223.

It is urged that neither Berenstein nor Lucier knew at the time the consents were signed that the statute of limitations had run and that the consents are, therefore, void. The evidence rather indicates that the gentleman in the revenue agent's office with whom they were dealing did not himself know that such was the fact, in view of what he stated about making an immediate assessment unless consents were signed. The presumption would seem to be that he did not know it and that it was desired and intended to assess the tax before the statute of limitation had run. The consents that were signed expressly provided that they were made "irrespective of any period of limitations." This indicates that it was intended that the running of the statute of limitation was not to affect the situation; that if the time had not expired its running would not prevent the assessment and collection of the tax. If it had run, such expiration was ineffective.

It has not been established that the consents were signed under such duress as would render them void on that account. No misrepresentation of fact was made to petitioner about the statute of limitation. Berenstein was not forced to consent; he certainly knew the purport of the document that he signed. If Berenstein did not know at the time that the statute had run, this was because he did not inquire into the facts about the matter. His failure to do so did not render the consents void. The advice that the tax would be assessed if the consents should not be given is not such duress as would render the consents void. *Albertina Baur*, 14 B. T. A. 933; *Louis Hoffman*, 14 B. T. A. 1364.

The fact that the consents did not bear the corporate seal of petitioners does not render them invalid. *William S. Doig, Inc.*, 13 B. T. A. 256; *Pictorial Printing Co.*, 12 B. T. A. 1407.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH and LOVE dissent.