S. A. APPLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24213.   Promulgated October 23, 1929.

*Henry J. Richardson, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

GREEN: The question presented is whether the collection of the taxes assessed in March, 1925, is barred by the statute of limitations.

The petitioner contends that the assessment was not made " within the statutory period of limitation properly applicable thereto " as that phrase is used in section 278 (d) of the Revenue Act of 1926 unless it be held that an assessment made within the period as extended by the written consent executed February 18, 1924, brings it within that phrase; and that if the written consent is necessary to validate the assessment, no longer time should be allowed for collection than that specifically provided for in the consent itself, notwithstanding the six-year provision contained in section 278 (d) of the Revenue Acts of 1924 and 1926 enacted by Congress subsequent to the execution of the consent.

Section 250 (d) of the Revenue Act of 1918 provided that " the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after *the return* was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when *the return* was due or was made." (Italics ours.) The petitioner filed a tentative return for the calendar year 1918 on March 15, 1919,

**1050**

and a completed return therefor on June 16, 1919. In *Dallas Brass & Copper Co.*, 3 B. T. A. 856, we held that a tentative return was not " the return " referred to in the statute and that it did not start the running of the statutory period of limitations. Since our decision in that case, the Circuit Court of. Appeals for the First Circuit, in *White* v. *Hood Rubber Co.*, 33 Fed. (2d) 739, has held that the filing of a tentative return on Form 1031–T for the year 1918 was sufficient to start the running of the statutory period of limitation on assessment and collection. This case is now pending before the United States Supreme Court, October term, 1929, as Docket No. 414. But (and this will become apparent later in our opinion) inasmuch as it makes no difference in the instant case which return is held to be the one which starts the statute running, we will, for convenience and without again deciding the question, consider the return filed on June 16, 1919, as being the return referred to in the statute and the one from which the statute began to run. Therefore, at the time the return was filed, the respondent had until June 16, 1924, to assess and collect the tax in question.

The Revenue Act of 1921 was approved on November 23, 1921. Section 250 (d) of that Act continued the five-year provision for the assessment and collection of 1918 taxes with the additional provision, " unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax."

On February 18, 1924 (almost four months prior to June 16, 1924) the parties entered into the consent in writing set out in our findings. Under this consent, the determination, assessment and collection of the tax in question was extended to June 16, 1925.

On June 2, 1924, the Revenue Act of 1924 was approved. Section 277 (a) (2) of that Act again continued the five-year provision for the assessment and collection of 1918 taxes. Section 278 (c), (d), and (e) provided as follows:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act.

Sometime between March 1, 1925, and March 5, 1925 (the exact date was not stipulated), the respondent assessed the taxes in question under the authority of section 274 (d) of the Revenue Act of 1924. It is of interest here to note that had the assessment been made prior to June 2, 1924, the six-year provision for collection under section 278 (d), *supra*, would clearly not have been applicable. See *Russell* v. *United States*, 278 U. S. 181.

The remaining events of importance may be chronologically summarized as (1) the giving of notice and demand by the collector, (2) the filing of the abatement claim, (3) the passage of the Revenue Act of 1926 on February 26, 1926, (4) the issuance of the deficiency letter on December 23, 1926, and (5) the filing of the petition here.

Section 277 (a) (3) of the Revenue Act of 1926 again continued the five-year provision for the assessment and collection of 1918 taxes. Section 278 (c) is the same as section 278 (c) of the Revenue Act of 1924 quoted above. Section 278 (d) of the Revenue Act of 1926 provides as follows:

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

Regarding petitioner's first contention that the assessment which was made in March, 1925, was not made " within the statutory period of limitation properly applicable thereto " as that phrase is used in section 278 (d) of the 1926 Act, *supra*, we held in *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971, that an assessment made within the period as extended by a consent in writing was a valid assessment. At page 975, we said:

In our opinion the expression "statutory period of l'mitation properly applicable thereto" refers not only to the five year period conta.ned in section 277(a)(3) of the 1926 Act, or section 277(a)(2) of the 1924 Act, but also to the period of extension provided in section 250(d) of the Revenue Act of 1921 and section 278(c) of the 1924 and 1926 Acts. The extension of the period within wh'ch assessment m ght be made by consent in writing is as much a part of the statutory period for assessment as any other period mentioned in the statute.

To the same effect see *Loewer Realty Co.* v. *Anderson* (C. C. A., 2d Cir.) 31 Fed. (2d) 268, now pending before the United States Supreme Court, October term, 1929, as Docket No. 116.

The petitioner's second contention that no longer time should be allowed for collection than that specifically provided for in the con-

sent itself has also been adversely decided both by us and the Federal District and Circuit Courts. See *G. L. Ramsey*, 11 B. T. A. 345; *David Rodefer Oil Co.*, 11 B. T. A. 782; *Stafford Mills*, 12 B. T. A. 877; *Bank of Commerce* v. *Rose*, 26 Fed. (2d) 365; *Florsheim Brothers Dry Goods Co.* v. *United States*, 26 Fed. (2d) 505; affd., C. C. A., 5th Cir., 29 Fed. (2d) 895, and now pending before the United States Supreme Court, October term, 1929, as Docket No. 118. See, *contra*, dissenting opinion in *G. L. Ramsey*, *supra; Hood Rubber Co.*, v. *White*, 28 Fed. (2d) 54, affd., C. C. A., 1st Cir., on other grounds in *White* v. *Hood Rubber Co.*, *supra*. In the case of *Bank of Commerce* v. *Rose*, *supra*, the return for 1918 was filed April 23, 1919; a consent in writing under section 250 (d) of the 1921 Act was executed February 23, 1924, extending the statute one year for the determination, assessment *and collection* of the tax; the assessment was made April 22, 1925; and the tax was collected on September 16, 1926. In holding that the collection was lawfully made, District Judge Sibley said:

\* \* \* But it is now urged that the written consent executed before the passage of the Revenue Act of 1924 was a sort of contractual limitation affecting both the assessment and collection of the tax and limiting both to one year after April 19, 1924. Such a construction cannot be given to the paper. No authority has been vested by law in the Commissioner or Collector of Internal Revenue to bind the government as to limitations, but only an authority to accept the consent or waiver on the part of the taxpayer respecting the limitations that Congress had fixed. On the expiration of the consent, action of the tax officers, if barred, would be barred by virtue of the law and not by force of the contract of waiver. Notwithstanding the waiver, Congress had full power to modify the limitation laws or to repeal them altogether. The taxpayer has no vested right not to pay his taxes because of limitations. The acts of limitation are of grace only. I see nothing in the waiver agreement to prevent application of the act of 1924. The collection was therefore lawfully made.

There is another point that we think should be mentioned, and that is the law applicable to the construction of limitation statutes. A reading of the cases indicates there has been some confusion as to the proper interpretation of such statutes in case of doubt. The court in *Loewer Realty Co.* v. *Anderson*, *supra*, on good authority states the rule to be as follows:

Statutes of limitation barring the collection of taxes must receive a strict construction in favor of the government. Limitation will not be presumed in the absence of clear Congressional action. *E. I. Dupont de Nemours & Co.* v. *Davis*, 264 U. S. at p. 462; *Bowers* v. *N. Y. & Albany Co.*, 273 U. S. at p. 349.

In accordance with the above decisions, we are of the opinion that the collection of the deficiency here in question is not barred by any statutory period of limitation and that the respondent has six years from the assessment of the tax to collect.

*Judgment will be entered for the respondent,*