J. B. DORTCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13806. Promulgated February 28, 1930.

*George E. H. Goodner, Esq.*, and *Walter K. Smith, Esq.*, for the petitioner.

*J. E. Marshall, Esq.*, for the respondent.

162

## OPINION.

TRUSSELL: The respondent, proceeding under section 601 of the Revenue Act of 1928, produced testimony showing that the return made by the petitioner for the year 1918 was erroneous in respect to both the deduction claimed for the purpose of meeting unknown demands for foreign taxes and the amount of losses sustained in connection with the disposition of stock of the Orr-Laubenheimer Co. These errors, however, appear to be in no way inconsistent with a purpose on the part of the petitioner to make a true return for income-tax purposes.

The petitioner admits that the respondent's final computation is correct, but denies that he omitted any items from his return with the intent to evade tax. The respondent has agreed that petitioner's failure to include the amount of $7,000 in income is not the basis for asserting fraud. It appears that the respondent has determined fraud for the reason that petitioner reserved $36,000 for Norwegian taxes without so stating in his return and that the profit which was reported was entered in the wrong place on the return.

The record in this proceeding convinces us that petitioner acted in good faith and conscientiously made his return in a manner which he believed reflected his taxable income. Petitioner reserved $36,000, or 20 per cent of $180,000, for Norwegian taxes which might be assessed upon the sale of the stock and upon the corporation for any taxes due prior to the sale of the stock. Petitioner did not know the exact amount of taxable income derived from the said sale and he merely sought to protect himself from making an overpayment

of tax which any reasonable and prudent business man would do. The fact that the profits as computed by him were reported in the wrong place on the return is immaterial, and while petitioner made a mistake in taking the loss deduction without setting it up in the return, such mistake does not show any intent to evade tax, for the loss was not fictitious and respondent has allowed a loss deduction in his final computation.

We are of the opinion that petitioner did not file a false and fraudulent return with the intent to evade tax for the year 1918, and that respondent erred in asserting a fraud penalty in the amount of $8,886.03 for that year.

The second issue is whether the assessment and collection of the deficiency is now barred by the statute of limitations. Petitioner filed his 1918 tax return on March 8, 1919, and pursuant to section 250 (d) of the Revenue Acts of 1918 and 1921 and sections 277 and 278 of the Revenue Act of 1924, the respondent had five years from that date or until March 8, 1924, to determine, assess and collect the tax due. One year and five days after the assessment and collection of any additional tax for 1918 had been barred by the statute of limitations, and, pursuant to the provisions of the Revenue Act of 1924, the petitioner and the respondent executed a waiver dated March 13, 1925, extending the period for assessment and collection of taxes for 1918 until March 8, 1925.

The said waiver was executed prior to the enactment of the Revenue Act of 1926, and at a date when although the assessment and collection of the tax was barred the liability was not extinguished. The Board has previously held that such a waiver is valid and operates to extend the statute of limitations for the period agreed upon. *Panther Rubber Mfg. Co.*, 17 B. T. A. 310; *Merchants Transfer & Storage Co.*, 17 B. T. A. 290; *Thiel Service Co.*, 17 B. T. A. 1114; *Wells Brothers Co. of Illinois*, 16 B. T. A. 79; and *Friend M. Aiken*, 10 B. T. A. 553, aff'd., *Aiken v. Commissioner of Internal Revenue*, 35 Fed. (2d) 620.

The filing of a bond to stay collection upon the jeopardy assessment in 1926 did not effect a further extension of the period of limitation for assessment and collection. See *Guardian Trust Co. et al.*, 15 B. T. A. 1256; *H. W. Lieber et al.*, 13 B. T. A. 1175.

The said waiver being valid, the respondent had until March 8, 1925, to assess the additional tax for 1918, and if the assessment had been made prior to the enactment of the Revenue Act of 1924, the period for collection extended only until March 8, 1925, the six-year collection period provided for in that act not being retroactive. *Russell v. United States*, 278 U. S. 181. On the other hand, if the assessment had been made subsequent to the enactment of the Revenue Act of 1924, and prior to the expiration of the waiver,

respondent would have six years from date of such assessment within which to collect the tax pursuant to section 278 (d) of the 1924 Act. *S. A. Apple*, 17 B. T. A. 1047; *T. B. Floyd*, 11 B. T. A. 903.

The record establishes that the return was filed on March 8, 1919, that a waiver extended the period for assessment and collection until March 8, 1925, that the deficiency letter was mailed on January 8, 1926, and that a jeopardy assessment was made subsequent to January 9, 1926, but no proof has been adduced as to whether any assessment was made prior to March 8, 1925. In the case of *Frank E. Harris Co.*, 16 B. T. A. 469, the Board held that, where the taxpayer had shown that the return for 1917 was filed on a certain date, the five-year period had elapsed and that collection had not been made, a prima facie showing had been established that collection was barred and that the burden of proof was upon the Commissioner to establish the exception, namely, that assessment had been timely made. See also *Carnation Milk Products Co.*, 15 B. T. A. 556; *H. G. Stevens*, 14 B. T. A. 1120; *Bonwit Teller & Co.*, 10 B. T. A. 1300.

There being no fraud, petitioner has made a prima facie showing that assessment and collection was barred after March 8, 1925, and upon the record as established and upon authority of above-cited Board decisions, we must hold that assessment and collection of the deficiency in the amount of $17,772.06 was barred prior to the issuance of the deficiency letter dated January 9, 1926. Pursuant to section 906 (e) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926, there is no deficiency for the year 1918.

The last issue is whether petitioner has made an overpayment of tax for 1918 in the amount of $14,585.82, that amount having been paid after assessment and collection thereof was barred.

In the case at bar, the deficiency letter was issued pursuant to section 274 of the Revenue Act of 1924 and dated January 9, 1926. Within 60 days from that date the Revenue Act of 1926 was enacted, on February 26, 1926, and this proceeding was initiated subsequent thereto on April 21, 1926.

Section 283 (c) of the Revenue Act of 1926, provides:

If before the enactment of this Act the Commissioner has mailed to any person a notice under subdivision (a) of section 274 of the Revenue Act of 1924 (whether in respect of a tax imposed by Title II of such Act or in respect of so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and if the 60-day period referred to in such subdivision has not expired before the enactment of this Act and no appeal has been filed before the enactment of this Act, such person may file a petition with the Board in the same manner as if a notice of deficiency had been mailed after the enactment of this Act in respect of a deficiency in a tax imposed by this title. In such cases the 60-day period referred to in subdivision (a) of section 274 of

this Act shall begin on the date of the enactment of this Act, and the powers, duties, rights, and privileges of the Commissioner and of the person entitled to file the petition, and the jurisdiction of the Board and of the courts, shall, whether or not the petition is filed, be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section.

Section 284 (e) of the Revenue Act of 1926, as amended by section 507 of the Revenue Act of 1928, provides:

If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Unless claim for credit or refund, or the petition, was filed within the time prescribed in subdivision (g) for filing claims, no such credit or refund shall be made of any portion of the tax paid more than four years (or, in the case of a tax imposed by this title, more than three years) before the filing of the claim or the filing of the petition, whichever is earlier.

Section 607 of the Revenue Act of 1928 provides:

Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim.

Petitioner paid the amount of $14,585.82 in 1926, after the period of limitation for the assessment and collection thereof, and that amount constitutes an overpayment within the meaning of section 607 of the Revenue Act of 1928. Cf. *Morris Metcalf*, 16 B. T. A. 881.

*Judgment will be entered pursuant to Rule 50.*