A. L. GUMP, FORMERLY EXECUTOR OF THE LAST WILL AND TESTAMENT OF BENJAMIN H. LICHTENSTEIN, DECEASED, MABEL GUMP, FRANCES DAVIS (FORMERLY FRANCES LICHTENSTEIN) AND MILTON LATHAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34532. Promulgated December 10, 1930.

*F. E. Youngman, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

SEAWELL: The petition which gave rise to this proceeding was filed by the individuals shown as petitioners in the caption of this case, though the deficiency notice was directed to "A. L. Gump, Executor, Estate of Benjámin H. Lichtenstein." While A. L. Gump had been discharged as executor prior to the filing of the petition, no notice of such discharge was given to the Commissioner as provided in section 317 of the Revenue Act of 1926 and therefore the deficiency notice was properly directed to him in the capacity indicated above. Our jurisdiction is accordingly confined to the petition on the part of A. L. Gump in his capacity as executor (hereinafter referred to as "petitioner"), and the individuals who signed the petition as residuary legatees may not be considered as parties to this proceeding, and the proceeding as to them is dismissed.

The petitioner admits that the question as to the inclusion in the gross estate of the decedent of the value of the widow's interest in community property in California for estate-tax purposes has heretofore been decided by the Board (*Griffith Henshaw, Executor*, 12 B. T. A. 1441) and that such decision has been upheld by the Circuit Court of Appeals for the Ninth Circuit (*Henshaw* v. *Commissioner*, 31 Fed. (2d) 946; certiorari denied, *Henshaw* v. *Lucas, Commissioner of Internal Revenue*, 280 U. S. 565), but insists that such action is contrary to the statute. The contentions now advanced by the petitioner have already been considered by the Board and we are not convinced that incorrect conclusions have been reached with respect thereto.

In connection with the next issue as to whether the collection of the deficiency is barred by the statute of limitations, a question was raised as to whether the entire deficiency had been abated prior to the issuance of the deficiency notice which gave rise to this proceeding, but we find it unnecessary to discuss this question for the reason that we are of the opinion that in any event the collection of the deficiency is barred. The decedent's death occurred on December 12, 1919, and on December 11, 1920, the estate-tax return was filed. The Revenue Act of 1921 provides that any tax due under such return shall be assessed within four years after such tax became due (section 1322) and that no suit or proceeding for the collection of such tax shall be begun after the expiration of five years from the time such tax was due (section 1320). The foregoing provisions

were superseded by section 1009 of the Revenue Act of 1924, but the statutory periods for assessment and collection were not changed. In August, 1922, or within the four-year period for making assessments, the deficiency with which we are concerned was assessed, but not collected, a claim in abatement being filed. No action was taken prior to the issuance of the deficiency notice to extend the time for collection. Our question is whether the collection of the deficiency was barred when the deficiency notice was mailed on December 8, 1927.

We are unable to distinguish the situation here presented from that before the court in *Russell* v. *United States*, 278 U. S. 181, where it was held that the collection of a similar outstanding assessment was barred from collection. We can see no merit in the Commissioner's contention that the *Russell* case is not applicable for the reason it was concerned with the assessment and collection of an income tax, whereas the case at bar deals with an estate tax, since the provisions which the court there held insufficient to prevent the running of the statute (section 278 (d) and (e) of the Revenue Act of 1924) are similar to the corresponding provisions for estate-tax purposes (section 311 (b) and (c) of the Revenue Act of 1924). Nor do we regard it as material that the deficiency notice was mailed in accordance with the provisions of section 318 (d) of the Revenue Act of 1926 instead of under the corresponding provision of the Revenue Act of 1924. The case of *D. E. Wheeler*, 16 B. T. A. 96, involved a similar situation where the notice was mailed after the passage of the Revenue Act of 1926, and we held the collection barred. When the Revenue Act of 1926 was passed the collection of the assessment in question was barred (*Russell* v. *United States, supra*) and we do not understand that section 311 (b) and (c) of such act was intended to make valid the collection of assessments which were then barred. The effect of the Commissioner's argument is to say that such section would operate to revive barred collections, whereas it is expressly provided that this section shall not " authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto." In view of the foregoing, we are of the opinion that the collection of the deficiency is barred.

The further contention is made by the petitioner that the Board should find an overpayment of tax in the amount of $6,658.48 on account of the payment of that amount when the collection thereof was barred. As shown in our findings, an additional assessment was made in August, 1922, in the amount of $21,748.79, and on September 23, 1922, a claim in abatement was filed for the full amount.

On January 7, 1926, the Commissioner advised the petitioner that the claim in abatement would be prepared for allowance in the sum of $16,286.18 and was rejected as to $5,462.61. Shortly after receipt of the foregoing communication, or on February 12, 1926, the petitioner paid the rejected portion of the claim, together with interest in the amount of $1,195.87, or $6,658.48. Since the return under which the foregoing assessment was made was filed in 1920 and since the stautory period for the collection of any tax due thereunder was five years, the collection made in 1926 was erroneously made and therefore constitutes an overpayment within the meaning of section 607 of the Revenue Act of 1928. Cf. *Morris Metcalf*, 16 B. T. A. 881, and *J. B. Dortch*, 19 B. T. A. 159.

*Judgment will be entered for the petitioner.*