RUSSELL ᴇᴛ ᴀʟ. *v.* UNITED STATES.

No. 58. Argued November 22, 1928.—Decided January 2, 1929.

*Messrs. Douglas Arant* and *Wm. S. Pritchard*, with whom *Messrs. Lee C. Bradley, Jr.,* and *John D. Higgins* were on the brief, for petitioners.

*Mr. Edwin G. Davis,* with whom *Solicitor General Mitchell, Assistant Attorney General Mabel Walker Willebrandt,* and *Messrs. Sewall Key* and *J. Louis Monarch* were on the brief, for the United States.

*Messrs. J. Robert Sherrod, Joseph D. Peeler,* and *Ward Loveless; John E. Hughes; Louis O. Van Doren, Wm. R. Conklin,* and *Edward S. Bentley; J. C. Murphy;* and *Clarence N. Goodwin,* filed briefs, as *amici curiae,* by special leave of Court.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The United States by bill filed January 23, 1925, sought to recover from petitioners, stockholders of the Pine Lumber Company, additional income and profit taxes for the year 1918 assessed against that Corporation in March, 1924. The Company made a return to the Collector for 1918 on June 12, 1919, and afterwards paid the amount indicated thereby.

Petitioners claimed the suit was barred under the limitation specified by the applicable statute. They succeeded in the District Court; but the Circuit Court of Appeals held another view and reversed the decree dismissing the bill.

The statutory provisions which require special consideration are printed below.

Revenue Act, 1918, c. 18, 40 Stat. 1057, 1083:

" Sec. 250 (d). Except in the case of false or ·fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return

was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. . . ."

Revenue Act, 1921, c. 136, Title II—Income Tax, 42 Stat. 227, 265:

" Sec. 250 (d). The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, . . . shall be determined and assessed within five years after the return was filed, . . . and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, . . . shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act . . ."

Revenue Act, 1924, c. 234, Title II [effective January 1, 1924] 43 Stat. 253, 299, 300, 301, 303, 352:

" Sec. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279 [274 and 279 are not here important]—

" (1) The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by this Act, shall be assessed within four years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

" (2) The amount of income, excess-profits, and war-profits taxes imposed by . . . the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

" Sec. 278 (a) . . . (b) . . . (c) . . .

"(d) Where the assessment of the tax is made within the period prescribed in section 277 *or in this section,* [the italicized words are unimportant here] such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

"(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act."

" Sec. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the

taxes imposed by this title, except as otherwise provided in section 277."

[Title XI]

" Sec. 1100. (a) The following parts of the Revenue Act of 1921 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivisions (b) and (c);

" Title II (called 'Income Tax') as of January 1, 1924; . . .

"(b) The parts of the Revenue Act of 1921 which are repealed by this Act shall (except as provided in sections 280 and 316 [316 is not important here] and except as otherwise specifically provided in this Act) remain in force for the assessment and collection of all taxes imposed by such Act, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes, and for the assessment and collection, to the extent provided in the Revenue Act of 1921, of all taxes imposed by prior income, war-profits, or excess-profits tax acts, and for the assessment, imposition, and collection of all interest, penalties, or forfeitures which have accrued or may accrue in relation to any such taxes. . . ."

From the foregoing it appears: Under the Act of 1918 both assessment and suit within five years were necessary. The Act of 1921 required that taxes imposed thereby should be assessed within four years; that taxes payable under the Acts of 1918, and earlier ones, should be assessed within five years; and it limited the period within which any suit might be brought to five years after the return. With the exceptions specified by § 278, the Act of 1924 requires that assessment of taxes laid by it or the Act of 1921 and any suit to collect the same shall come within four years after the return; also in respect of taxes due

under the Acts of 1918, etc., that no assessment or suit shall be permitted later than five years after the return.

The exceptions to the general rule of § 277 which are specified by § 278, and here important, relate to those cases only where there has been assessment but no suit; and petitioners aver that these exceptions do not apply where the assessment was made prior to June 2, 1924.

According to the general limitations contained in the Acts of 1918, 1921, and 1924 the time within which suit might have been brought upon the assessment of March, 1924, against the Pine Lumber Company expired June 12, 1924—five years after the *return* date. And unless the Act of 1924 repealed the old limitation and established another, petitioners must prevail. The United States claim that § 278, Act of 1924, extended the limitation to March, 1930—six years after the *assessment*. Petitioners deny that the Act of June 2, 1924, should be so construed. They maintain that it did not extend the period for suit where an assessment had been made prior to its passage, and say that § 278 (e), (2), expressly negatives the contrary theory.

When the Revenue Act of 1924 passed, many parties were liable for taxes imposed by former Acts—1921, 1918, etc.; against some there were assessments; others had not been assessed. It made provision concerning taxes thereafter to accrue; also for those already due. It distinguished between existing assessments and those which were to follow. It established a Board of Tax Appeals and gave the right of appeal thereto whenever thereafter the Commissioner should propose to assess for deficiency. It thus created a radical distinction between assessments prior to June 2, 1924, and later ones which, generally at least, if objected to, could not be made without assent of the Board. To secure proper action by the Board might require considerable time, and this was provided for by extending the limitation to six years after assessment.

But the taxpayer was afforded protection against any improper action by the Commissioner through an appeal before any assessment could be actually imposed—a new and valuable right.

Section 1100, Act of 1924, kept in force "except as otherwise provided in sections 280 and 316 [316 is unimportant here] and except as otherwise specifically provided in this Act" those parts of the Act of 1921 which provided for assessment and collection of taxes imposed by that Act or earlier ones. Section 280 plainly relates only to assessments made subsequent to June 2, 1924; but counsel for the United States maintain that within the meaning of § 1100 modification of the Act of 1921 was specifically provided by §§ 277 and 278 when read in conjunction.

Section 277, as above shown, limits suits for taxes imposed by the Act of 1918 to five years after the return, except (§ 278) in certain cases where an assessment has been made. In the excepted cases the period for suit is extended to six years after the assessment. But § 278 further provides that it shall not authorize the collection of a tax after the same has been actually barred by the applicable statute, and further that it shall not affect any assessment made prior to June 2, 1924.

Manifestly, but for § 278 petitioners would be free from liability under the five year limitation in the Act of 1918, continued by the Act of 1921. If § 278 refers only to assessments made after June 2, 1924, petitioners are not liable.

If an assessment made before that date came within the ambit of § 278, its effect would be retroactive; and certainly it would produce radical change in the existing status of the claim against the petitioners—would extend for some five years a liability which had almost expired. *United States* v. *Magnolia Petroleum Co.*, 276 U. S. 160, 162 declares—"Statutes are not to be given retroactive effect or construed to change the status of claims fixed in

accordance with earlier provisions unless the legislative purpose so to do plainly appears." No plain purpose to change the status of the claim against petitioners as it existed just before June 2, 1924, can be spelled out of the words in § 278 or otherwhere.

Paragraph (e), (2), of § 278 expressly directs that that section shall not affect any assessment made before June 2, 1924. Counsel for the United States maintain that to extend the time for bringing suit thereon does not "affect" an assessment within the meaning of the paragraph. We cannot agree. Some real force must be given to the words used—they were not employed without definite purpose. The rather obvious design, we think, was to deprive § 278 of any possible application to cases where assessment had been made prior to June 2, 1924.

The legislative history of the Act of 1924 lends support to the conclusion which we have reached. The changes introduced into the Act of 1926 can not authorize construction of the earlier one not consonant with the language there employed.

The judgment is reversed. The cause will be remanded to the Circuit Court of Appeals for further proceedings in conformity with this opinion.

*Reversed.*