GUARDIAN TRUST CO., EXECUTOR, ESTATE OF HUGH HAMILTON, PETI-TIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14061. Promulgated April 4, 1929.

*W. W. Spalding, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

1258

OPINION.

MURDOCK: The petitioner has alleged that the taxes in controversy are for the calendar years 1916, 1917, 1918, 1921, and for the period from January 1, 1922, to August 5, 1922. It appears, however, that the Commissioner has determined overassessments for all of these years and that except for the year 1918 there has been no denial of a claim in abatement giving rise to a deficiency. Therefore, except as to the year 1918 we have no jurisdiction, and as to the other years and the period mentioned, the proceedings are dismissed.

The Board has jurisdiction in a case like this. See *Friend M. Aiken*, 10 B. T. A. 553, and *Central National Bank*, 11 B. T. A. 1017. Neither the giving of a bond nor the filing of a claim in abatement extends the period of limitation for the assessment or collection of the tax. *Wirt Franklin*, 8 B. T. A. 977; *C. B. Shaffer*, 12 B. T. A. 298; *Edwin J. Schoettle Co.*, 13 B. T. A. 950; *United States* v. *John Barth Co.*, 27 Fed. (2d) 782; 278 U. S. 597.

In *Russell* v. *United States*, 278 U. S. 181, the Supreme Court of the United States decided that the six-year period for collection after assessment provided in the 1924 Revenue Act does not apply to an assessment made before June 2, 1924, the date on which the

Act was approved. That decision is controlling here. Hugh Hamilton filed his income-tax return for the calendar year in question on March 15, 1919. On March 13, 1924, the Commissioner made his first and only additional assessment of tax for the calendar year 1918. Thereafter, on June 2, 1924, the Revenue Act of 1924 was approved.

The so-called waiver of February 15, 1924, was never signed by the Commissioner or anyone acting for him and was not a " consent in writing to a later determination, additional assessment and collection of tax", within the meaning of section 250 (d) of the Revenue Act of 1921. *Estate of Adrian F. Sherman*, 16 B. T. A. 786; *Everett B. Moore, Admr.*, 17 B. T. A. 314. Thus the Commissioner after March 15, 1924, was barred from determining a deficiency in tax for the year 1918 and was barred from collecting any additional tax or, to state it differently, on February 26, 1926, it was too late for him to determine the deficiency and mail a notice thereof, and from and after March 15, 1924, he was barred from collecting the amount of $17,721.94 which he has now determined is due from this petitioner. There is no deficiency. *National Refining Co. of Ohio, et al.*, 1 B. T. A. 236; *John W. Collinson*, 1 B. T. A. 561; *Ocean Accident & Guarantee Corp. Ltd.*, 6 B. T. A. 1045; *Pierson & Co.*, 12 B. T. A. 678.

*Judgment will be entered for the petitioner.*