*70 OPINION.
Teussell :
The asserted liabilities proposed for assessment and here appealed from are predicated upon an original tax liability of a transferor corporation for the calendar year 1918. The period of limitation upon assessment and collection of such tax liability as provided by section 250 (d) of the Revenue Act of 1918 was five years. The return of the corporation was filed on May 5, 1919, and the assessment was made on March 24, 1924. At the time of this assessment the Act of 1921 was in effect and the assessment was seasonably made within five years of the date of the return under section 250 (d) of that Act, providing that taxes due under prior acts:
* * * Shall be determined and assessed witbin five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing (o a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: * * *
By the terms of the section quoted the five-year period in which a suit or proceeding for collection of this deficiency must be begun, expired on May 5, 1924, but no proceeding was brought before that date and there is no evidence of extension of time by waiver. Not until May 26, 1924, was a warrant for distraint issued. It therefore follows that on May 26,1924, when the first proceeding for collection was begun, the bar of the statute had been in effect for 21 days. It further appears that the assessment was made, and the five-year period for assessment and collection expired, prior to June 2, 1924, the date of the enactment of the Revenue Act of 1924, and consequently section 278 (d) of that Act, providing an additional period of six years for collection of assessments made within the five-year period from the date the return was filed, had no effect to extend that time. Russell v. United States, 278 U. S. 181; New York & Albany Lighterage Co., 273 U. S. 346.
Respondent now proposes to assess, under section 280 of the Revenue Act of 1926, against four of the stockholders of the corporation, the petitioners herein, certain liabilities in respect of its unpaid taxes for 1918, asserted to have been incurred by them as transferees in that year of a portion of its assets. That section provides a period of limitation for assessment against a transferree of one year after the expiration of the period for assessment against the taxpayer, and the date of the notice of proposed assessment here involved is August 18, 1926, more than two years after May 5, 1924, when the *71 period for assessment against the taxpayer expired. The assessment here proposed is accordingly barred.
The conclusion reached on this issue makes a consideration of the remaining issues unnecessary.

Judgment will be entered for the petitioners.