*97 OPINION.
Milliken:
Petitioner’s first contention to the effect that section 280 of the Revenue Act of 1926 is unconstitutional is foreclosed by our decision in Henry Cappellini et al., 14 B. T. A. 1269, where we held that transferees who take advantage of section 280 by appealing to the Board can not question its validity in such proceedings.
The second contention has been abandoned.
The third contention involves the application of the statute of limitations. The five-year period within which the deficiency assessed against the Clothing Company could have been collected (section 250(d) of the Revenue Act of 1918 and of the Revenue Act of 1921, and section 277 (a) (3) of the Revenue Act of 1924) began to run from July 12, 1919, the date on which the Clothing Company filed its second return, and expired on July 12, 1924. Davis Feed Co., 2 B. T. A. 616; Covert Gear Co., 4 B. T. A. 1025; Fred T. Ley & Co., 9 B. T. A. 749. Respondent assessed the deficiency against the Clothing Company in May, 1924. Since the assessment was made prior to the approval of the Revenue Act of 1924 (June 2, 1924), section 278 of that Act does not serve to extend the time within which the assessment may be collected. Russell v. United States, 278 U. S. 181. Not only ivas the collection of the deficiency barred on September 9, 1926, when respondent sought to determine the liability of petitioner, but the liability of the Clothing Company was extinguished by section 1106(a) of the Revenue Act of 1926. The repeal of section 1106(a) by section 612 of the Revenue Act of 1928 did not revive the liability. *98 United States v. John Barth Co. (C. C. A.), 27 Fed. (2d) 782; Dobbins v. Commissioner of Internal Revenue, 31 Fed. (2d) 935; and Peerless Woolen Mills, 13 B. T. A. 1119. Under these circumstances, the liability of petitioner as transferee was also barred and extinguished, Marion Parsons Sfencer, 11 B. T. A. 437.

Judgment will be entered for the\ petitioner.