A. CELLERS, J. W. BAILEY, C. B. BUCHANAN, AND H. F. REESE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21911, 21913, 21918, 21944.   Promulgated May 8, 1929.

*Charles E. McCulloch, Esq.*, and *Ivan F. Phipps, Esq.*, for the petitioners.

*Albert S. Lisenby, Esq.*, for the respondent.

412

OPINION.

MILLIKEN: Petitioners' first contention is that section 280 of the Revenue Act of 1926 is unconstitutional. This question is foreclosed by our decision in *Henry Cappellini et al.*, 14 B. T. A. 1269, where we held that where transferees have invoked the provisions of this section by appealing to the Board they may not in such proceedings question its validity.

The only remaining question that is before us at this time is whether the assessment and collection of the liabilities against the various petitioners are barred by the statute of limitations. It is proper to state at this point that although the transferor was dissolved in December, 1924, it continued to exist as a corporate entity for the period of five years thereafter for the purpose of winding up its affairs and prosecuting and defending actions or proceedings by or against it. Sec. 6875, Oregon Laws (1920).

Petitioners rely on section 250 (d) of the Revenue Act of 1918, which reads:

(d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was

due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due.

Since the return of the transferor was not fraudulently made, the first issue is whether the five-year period above described began to run from July 23, 1918, when it filed its first return, or from June, 1919, when it filed its second return. The transferor kept its accounts and made its income and profits-tax returns on the basis of fiscal years ending June 30. The fiscal year involved in these proceedings ended June 30, 1918, and thus included one-half of the calendar year 1917 and one-half of the calendar year 1918. The transferor was thus taxable under the Revenue Act of 1916 as amended by the Revenue Act of 1917, and also under the Revenue Act of 1918. The latter act was approved February 24, 1919, but, in so far as the issues before us are concerned, was made retroactive to January 1, 1918. The question here presented was before us in *Davis Feed Co.*, 2 B. T. A. 616. The Davis Feed Co. kept its accounts and made returns on the basis of a fiscal year ending May 31 and filed two returns for the fiscal year ending May 31, 1918. The first return was filed in July, 1918, and the second in May, 1919. After quoting and citing the pertinent parts of the Revenue Act of 1918, we there said:

There can be no doubt, in our opinion, that the above-quoted provisions of the Revenue Act of 1918 required taxpayers having a fiscal year ending during the calendar year 1918, and who have consistently filed returns on a fiscal-year basis, to make return of net income for the entire period and pay the tax thereon computed in accordance with section 205. Although this taxpayer filed a return for the fiscal year under the provisions of the prior revenue acts before the Revenue Act of 1918 was enacted, the 1918 Act was retroactive and required taxpayer to file a return of its income for its fiscal year beginning in 1917 and ending in 1918, and to pay the tax imposed thereon. The provisions of the Revenue Act of 1918 relative to returns, therefore, superseded the provisions of the Revenue Act of 1916, as amended by the Act of 1917, and the return filed on May 1, 1919, pursuant to the provisions of the Revenue Act of 1918 must be held to be the return referred to in section 250 (d) of the Revenue Act of 1918. The assessment in March, 1924, of the tax determined under the provisions of the Revenue Act of 1918 for the fiscal year ending May 31, 1918, was, therefore, within the statutory period of five years.

In *Covert Gear Co.*, 4 B. T. A. 1025, the question before us was whether the Board had jurisdiction. There the taxpayer on October 8, 1918, filed its income and profits-tax returns for its fiscal year ending July 31, 1918. This return showed a tax amounting to $41,390.97. Thereafter, on September 29, 1919, petitioner filed its second return under the Revenue Act of 1918, and its return showed a total tax of $15,978.62. The Commissioner determined a tax liability of less than that shown by the first return and larger than that shown by the second return. The question there was whether the Commissioner

had determined a deficiency. After referring with approval to *Davis Feed Co.*, *supra*, we said:

Although the assessment by the Commissioner on November 9, 1918, of the tax shown due on the return filed under the provisions of the Revenue Act of 1917 was not an assessment of a deficiency, the portion of the assessment became a deficiency when, pursuant to the Revenue Act of 1918, the petitioner's return required by that Act showed a tax at less than the amount assessed. When the Commissioner, therefore, on July 16, 1925, finally determined petitioner's claim for abatement and determined that the correct tax for the year was in excess of the amount shown upon its return, he determined a deficiency within the meaning of the statute, and, while the situation may not come within the letter of section 283 (f) of the Revenue Act of 1926, it, in our opinion, comes well within the spirit thereof.

The situation before us is not similar to that presented by the repeal of the Revenue Act of 1918 and the enactment of the Revenue Act of 1921, and which is discussed in *Fred T. Ley & Co.*, 9 B. T. A. 749, and subsequent cases. In the *Ley* case we said:

The Commissioner relies upon the Board's decisions in *Davis Feed Co.*, 2 B T. A. 616, and *Covert Gear Co.*, 4 B. T. A. 1025, as authority for the proposition that it was necessary to file a return after the enactment of the Revenue Act of 1921 in order to start the running of the statute of limitations. Those decisions are not in point. They involve a fiscal year beginning in 1917 and ending in 1918. The Revenue Act of 1918 made a complete change in the Federal income and profits-tax system effective January 1, 1918. Taxes for the most part were greatly increased; invested capital was defined, larger percentages of invested capital were made deductible, and many other new features were enacted. Practically every taxpayer was subject to an additional tax for such fiscal year. If he were not subject to an additional tax there had been such changes and so many new features introduced into the Revenue Act of 1918 over the Revenue Act of 1916, as amended by the Revenue Act of 1917, as to require the filing of a return under the 1918 Act to enable the Commissioner to make an audit of the tax liability for the fiscal year. The changes in the law made it necessary to issue new and different forms of tax returns, and Form 1120, income and profits-tax return, was issued to be used by corporations in lieu of Form 1031 issued under the prior revenue acts. In *Davis Feed Co.*, *supra*, the taxpayer was subject to an additional tax and, by regulations prescribed by the Commissioner by authority of law, was required to file a return under the Revenue Act of 1918. In *Covert Gear Co.*, *supra*, the taxpayer was subject to higher rates of tax upon its income, but due to new provisions of the Revenue Act of 1918 it was entitled to deductions not previously allowable which, when it made its return under the Revenue Act of 1918, resulted in a less tax than had previously been shown. However, the underlying principle necessitating the making of a return under the 1918 Act was the same.

Under these authorities we are of opinion that the five-year period provided by section 250 (d) of the Revenue Act of 1918 began to run in June, 1919, at the date of the filing of the transferor's second return. Before this period had expired and on November 23, 1921, the Revenue Act of 1921 was approved. Section 250 (d) of that Act provides:

(d) The amount of income, excess-profits or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts * * * shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: * * *

Under this provision and before the expiration of the five-year period and as of February 16, 1924, the transferor and respondent executed a waiver in which it was consented that the taxes due for the fiscal year ending June 30, 1918, might be assessed and collected "irrespective of any period of limitations." Respondent assessed the tax on December 29, 1925. In cases involving similar waivers we have held that respondent must make his determination or assessment within a reasonable time. In one case an assessment made 20 months after the date of the waiver was held not to have been unreasonably delayed (*Cunningham Sheep & Lamb Co.*, 7 B. T. A. 652) and in another case (*Greylock Mills*, 9 B. T. A. 1281) it was held that respondent acted within a reasonable time when he made his determination within approximately three years after the date of the waiver. Here respondent acted in less than 23 months after the date of the waiver and during this period he and the transferor were in active correspondence. Transferor was seeking a special assessment and this relief it obtained, together with a reduction of its assessment. Under these circumstances we are of opinion that respondent acted within a reasonable time and that the assessment was made within the statutory period as extended by the waiver. See *Greylock Mills* v. *Commissioner*, recently decided by the Circuit Court of Appeals for the Second Circuit.

It is not necessary to consider the question whether the collection of the tax was further extended by the waiver, for the reason that at the time the assessment was made the Revenue Act of 1924 was in effect. Section 277 of the Revenue Act of 1924, which was approved June 2, 1924, contains the following:

SEC. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

* * * * * * *

(2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

Section 278 of the same Act in part provides:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

The assessment against the transferor having been made after the approval of the Revenue Act of 1924, the tax could be collected by distraint or a proceeding in court begun within six years after December 29, 1925. Cf. *Russell* v. *United States*, 278 U. S. 181. This period has not expired. The pertinent parts of section 280 of the Revenue Act of 1926 read:

Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

\* \* \* \* \* \* \*

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods,—then within one year after return of execution in such proceeding.

Under the above provisions, respondent has the right to make an assessment of liability against petitioners within one year after the expiration of the period for assessment against the transferor. As we have shown, the assessment against the transferor was made in due time and is valid as against it. Although the assessment was made after the expiration of the five-year period provided in section 250 (d) of the Revenue Act of 1921 and in section 277 (a) (2)

of the Revenue Act of 1924, it was made within that period as extended by the consent, which was executed pursuant to statutory authority. Confining our opinion to the facts presented by these proceedings, it is sufficient to point out that petitioners, as transferees, did not acquire the assets of the transferor until subsequent to the execution of the consent. They acquired such assets subject to the obligations of the transferor and thus subject to its then existing valid agreement extending the time within which the additional tax could be assessed and collected.

Under the provisions of section 280, respondent has determined the liability of petitioners in the same manner as in the case of a deficiency in tax and petitioners have availed themselves of these provisions by appealing to the Board. Respondent has not assessed but has proposed for assessment the various liabilities and he made these determinations and mailed his deficiency letters within one year after he made the assessment against the transferor and at a time when the collection of a tax was not barred by limitations as against the transferor. Cf. *Marion Parsons Spencer*, 11 B. T. A. 437. Since petitioners have appealed to the Board, respondent is prohibited from making an assessment so long as the appeals are pending and the running of the statute of limitations is suspended during such period and for 60 days thereafter. See sections 274 (a) and 280 (d) of the Revenue Act of 1926. Under these provisions we are of opinion that since neither the assessment nor collection of the deficiency in tax is barred as against the transferor and since the assessments against petitioners were proposed by respondent within the period provided by section 280, the assessment and collection of such liabilities are not barred by the statute.

Under the order heretofore referred to, these proceedings will be restored to the Day Calendar, for the purpose of a hearing on issue (4).

Reviewed by the Board.