MORITZ HILDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN N. TRAINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF E. L. KALISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF PHILO KALISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK POPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PERCIVAL R. MOSES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24369–24373. 24378. Promulgated October 31, 1929.

*Allen G. Gartner, Esq.,* for the petitioners.
*J. E. Mather, Esq.,* for the respondent.

OPINION.

SMITH: These proceedings involve the redetermination of liabilities assessed under the provisions of section 280 of the Revenue Act of 1926 against the several above named petitioners as transferees of property of M. M. Davis & Son, Inc., a corporation since dissolved. The liabilities assessed against the petitioners are in respect of unpaid taxes previously assessed against the corporation but not collected. The petitioners rely solely upon the bar of the statute of limitations as a defense against the proposed assessments. The parties have filed a stipulation setting forth the following facts:

M. M. Davis & Son, Inc., was incorporated under the laws of the State of Maryland October 19, 1917, and had its principal place of business at Solomons, Md.

M. M. Davis & Son, Inc., filed its corporation income and profits-tax returns for the calendar year 1918 on August 15, 1919, its return for the calendar year 1919 on May 15, 1920, and its return for the calendar year 1920 on April 12, 1921. No agreement extending the statute of limitations for any of said years was made by the parties.

Deficiencies in taxes were assessed by the Commissioner as follows:

| Year | Date | Amount |
|------|------|--------|
| 1918 | Jan. 15, 1924 | $9, 287. 78 |
| 1919 | ----do------- | 27, 709. 34 |
| 1920 | ----do------- | 242. 94 |

Demand was made for the payment of the deficiencies in taxes assessed against M. M. Davis & Son, Inc., for the calendar years 1918, 1919, and 1920, but the deficiencies were not paid and still remain unpaid, and no suit or other proceeding for the collection of said taxes has been commenced or is now pending.

M. M. Davis & Son, Inc., was liquidated and its entire property and assets distributed on and prior to May 25, 1927. Thereafter and on or about May 25, 1927, it dissolved and forfeited its charter.

Liquidating dividends were received from M. M. Davis & Son, Inc., by the holders of the preferred stock in proportion to their holdings as follows:

| Stockholder | Shares held | Liquidating dividend received | Stockholder | Shares held | Liquidating dividend received |
|-------------|-------------|-------------------------------|-------------|-------------|-------------------------------|
| Frederick Pope | 15 | $375 | Philo Kalish | 6 | $150 |
| J. N. Trainer | 18 | 450 | P. R. Moses | 51 | 1, 275 |
| Estate of E. L. Kalish | 24 | 600 | Moritz Hilder | 30 | 750 |

The Commissioner, on December 20, 1926, mailed to the above mentioned stockholders notices of deficiency as provided by section 274 of the Revenue Act of 1926.

The notices of deficiency proposed for assessment the following amounts and were for unpaid taxes due from M. M. Davis & Son, Inc., for the calendar years 1918, 1919, and 1920:

| Name of taxpayer | Amount of deficiency proposed |
|------------------|-------------------------------|
| Frederick Pope | $375 |
| John N. Trainer | 450 |
| Est. of Edwin L. Kalish | 600 |
| Philo Kalish | 150 |
| Percival R. Moses | 1, 275 |
| Moritz Hilder | 750 |

Attached to each notice of deficiency was a statement which contained the following:

The adjustment of tax liability shown above has been made in accordance with the provisions of Section 280 of the Revenue Act of 1926.

The total tax liability of the corporation is shown in the attached statement, the original of which was mailed to the taxpayer under date of October 5, 1923.

Your tax liability is the amount of liquidating dividends received by you.

The respondent now concedes that the deficiencies for the years 1918 and 1919 are barred. The petitioners contend that the deficiency for the year 1920 is likewise barred.

The taxpayer, M. M. Davis & Son, Inc., filed its return for the calendar year 1920 on April 12, 1921. Assessment thereon was duly made by the respondent on January 15, 1924, within the five-year period as provided in section 250(d) of the Revenue Acts of 1918 and 1921. No part of such assessment has ever been collected. The Revenue Act of 1926 was enacted and became effective February 26, 1926. Section 280 of the Act provides in part as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a tax-payer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period, then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

The petitioners base their contention that the collection of the tax for 1920 is barred largely upon the ruling of the Supreme Court in *Russell* v. *United States*, 278 U. S. 181, that section 278 (d) of the Revenue Act of 1924 does not operate to extend the time for collection six years from the date of the assessment of the tax where the assessment was made prior to the enactment of the 1924 Act. They contend that under this ruling collection of the 1920 tax assessed prior to the enactment of the 1924 Act was barred after April 12, 1926, five years from the date the return was filed, and that section 1106 of the 1926 Act, effective at that time, extinguished the liability. This

argument fails to take any cognizance of the statute of limitations contained in section 278 (d) of the Revenue Act of 1926, which reads in part as follows:

Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax * * *.

This section of the 1926 Act is retroactive to taxes payable under the Revenue Act of 1918 and applies to transferees. *United States* v. *Updike*, 32 Fed. (2d) 1; *Louis Costanzo*, 16 B. T. A. 1294.

It is apparent that section 278 (d) of the 1926 Act materially altered the situation in existence at the time of the passage of that Act, which situation also obtained at the time action was first initiated by the respondent in the *Russell* case, *supra*. In the instant proceedings the period for assessment against the taxpayer expired after the passage of the Revenue Act of 1926 and the notice of deficiency which was mailed on December 20, 1926, fell within the period provided for in section 280 (b) (1). We are of the opinion, therefore, that on December 20, 1926, proceedings against the transferees in the cases before us were barred with respect to the years 1918 and 1919 but were not barred with respect to the year 1920. The deficiency in tax for the year 1920 is $242.94. The petitioners are liable severally for such amount to the extent of the assets received by them in liquidation. *Grand Rapids National Bank*, 15 B. T. A. 1166.

> *Judgment of no deficiency will be entered for the petitioners with respect to liabilities asserted for 1918 and 1919, and for a deficiency of $242.94 for 1920.*