CONVERSE COOPERAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12518. Promulgated November 7, 1929.

*W. W. Ross, Esq.,* and *J. Robert Sherrod, Esq.,* for the petitioner. *Harry LeRoy Jones, Esq.,* for the respondent.

OPINION.

LITTLETON: It is the contention of the petitioner that the collection of the additional tax asserted against it for the calendar year 1918 is barred by the statute of limitations. If such is true, it will be unnecessary to consider other issues.

There is insistence on behalf of the Commissioner that the consolidated tax return filed by or for the petitioner on June 17, 1919, was not filed in good faith, in the sense in which that term is used in the statute. We are of the opinion, however, from the facts and circumstances disclosed by the evidence and set forth in our findings of fact that such charge is not sustained.

It is argued for the Commissioner that said return is not such a return as is required by the Revenue Act of 1918; is not a "substantial" compliance with the law and regulations relative to the filing of such returns and did not, therefore, start running the statute of limitations and that the *Pilliod Lumber Co.*, 7 B. T. A. 591, is dispositive of this issue.

In behalf of the petitioner it is insisted that the consolidated return of June 17, 1919, set in motion the statute of limitations and that the instant case is controlled by *Russell* v. *United States*, 278 U. S. 181.

It appears that on March 15, 1919, the petitioner, the Yocona Cooperage Co., J. D. Hollingshead Co., and the Atlas Hoop Corporation, corporations, each filed with the collector for the first district of Illinois, at Chicago, a tentative tax return and request for extension of time for the calendar year 1918 on Form 1031–T.

On June 17, 1919, the four corporations mentioned, filed a consolidated tax return of their consolidated income and capital.

The consolidated return showed a total income and profits-tax liability in the amount of $39,370.53, which was paid by the J. D. Hollingshead Co. as fiscal agent for the group of four corporations aforesaid.

In the latter part of 1920 the Commissioner determined that the four corporations were not affiliated, but that J. D. Hollingshead Co. and the Atlas Hoop Corporation constituted one affiliated group, and the Yocona Cooperage Co. and the petitioner another affiliated group.

On January 15, 1921, the petitioner and the Yocona Cooperage Co. filed with the Commissioner a consolidated return on Form 1120, showing both the separate and the consolidated net income and in-

vested capital of the two companies. With said return were filed schedules showing both the separate and the consolidated cost of goods sold, expense items, surplus, intercompany eliminations, and consolidated accounts.

On February 7, 1924, the Commissioner sent by registered mail to the petitioner a 30-day letter proposing a deficiency in the consolidated tax liability of the petitioner and its affiliated company in the amount of $94,523.41, all of which was asserted against the petitioner. This letter was not received by the petitioner.

On March 7, 1924, the Commissioner made a jeopardy assessment against petitioner of the amount of $94,523.41, as its income and profits-tax liability for the calendar year 1918.

On March 15, 1924, the petitioner received from the collector a notice and demand for the payment of the $94,523.41 and on the same date the petitioner and the Yocona Cooperage Co. filed jointly a claim for abatement of the assessment and for $20,000, refund of taxes for 1918.

It is insisted on behalf of the Commissioner that the test of " substantial " compliance with the law and regulations relative to the filing of the returns, which was held by us in *Stetson & Ellison*, 11 B. T. A. 397, and followed in *Colmer-Green Lumber Co.*, 12 B. T. A. 256, is contrary to the great weight of authority.

The facts in this case are not identical, but in many respects similar to those in the *Stetson & Ellison* case, *supra*, in which we held the return filed was in " substantial " compliance with the requirements of the statute. In that case it was found among other facts:

* * * That return included the gross income, deductions and credits in total for the consolidated group, including the gross income, deductions and credits of the petitioner. Although the gross income, deductions and credits of the petitioner were included in the totals consolidated in the return, its figures, like those of the other affiliated companies, could not be separately identified from the face of the return.

In our opinion in that case we stated:

We have held that the 1918 Act did not contemplate the filing of separate returns by each corporation when said corporation was included in a consolidated return. *Morris County Crushed Stone Co., et al,* 6 B. T. A. 800. Section 240 of that Act provides that corporations which are affiliated shall make a consolidated return of net income and invested capital. Where corporations in good faith have filed such a consolidated return in substantial compliance with the statute and regulations, although it subsequently develops that all the corporations included therein are not affiliated within the meaning of the Act, that return starts the running of the limitation period. *National Tank & Export Co., supra; Mattewan Manufacturing Co., supra; Kellogg Commission Co., supra.*

The consolidated return in question in this case was filed in good faith.

In the *Colmer-Green Lumber Co.* case, *supra*, the Commissioner contended that because he could not determine the separate income and deductions from the face of the consolidated return, it was not such return as is required by law and would not start running the statute of limitations.

In that case we said:

> \* \* \* The statute does not require that such a return include the separate income and deductions of each corporation. The regulations of the Commissioner, approved by the Secretary, however, do provide that statements and schedules shall be filed giving details of the items of gross income and deductions. Whether the regulations were complied with, the Commissioner had the opportunity to determine. The respondent had an opportunity to audit the return and to determine whether it set forth the data and information in sufficient detail and to determine whether a consolidated or separate returns should have been filed, as he subsequently did. The period of limitation prescribed by statute is one of repose and it should not lightly be construed to permit the respondent to reopen cases upon the ground that the return filed in good faith was not the return required by statute. \* \* \*

In *J. F. Anderson Lumber Co.*, 15 B. T. A. 475, in which the return was filed on June 14, 1919, and the additional tax was assessed on May 29, 1924, we held the return was properly executed, though not executed by the treasurer, but by a person who exercised the functions of the treasurer. No action being taken by the Commissioner for the collection of the tax within five years from June 14, 1919, and the filing of a bond on April 17, 1926, not being a valid consent within the meaning of the statute, the same was held barred by the statute of limitations. The assessment on May 29, 1924, of the tax claimed to be due did not operate to extend the period for collection. *Russell* v. *United States*, 278 U. S. 181.

We are of the opinion that the consolidated return filed June 17, 1919, in the instant case, should, under all the facts and circumstances shown by the evidence, be considered the return required by law. It appears to have been so accepted by the Commissioner, and so indicated by the jeopardy assessment on March 7, 1924, with a view to prevent the running of the statute of limitations.

Neither the jeopardy assessment of March 7, 1924, of the tax then claimed to be due, nor the filing of the bond in September, 1924, operated to extend the period for collection by distraint. The statute of limitations is effective, and the deficiency is barred. *C. B. Shaffer*, 12 B. T. A. 298.

*Judgment that the deficiency is barred by the statute of limitations will be entered.*