400

Caroline J. Shaw, Executrix, Estate of R. S. Shaw, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

R. H. Barr, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 26804, 26868. Promulgated November 21, 1930.

*William H. Trindle, Esq.*, for the petitioners.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Arundell: This proceeding was brought under section 280 of the Revenue Act of 1926, which provides, in so far as material here, as follows:

SEC. 280. (a) The amounts of the following liabilities shall, except as here-inafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by this title * * *

\* \* \* \* \* \* \*

(b) The period of limitation for assessment of any such liability of a transferee * * * shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

The facts set forth in the findings bring the case squarely within the language of subdivision (b) (2) quoted above, and at first glance the quoted provision would seem to remove the case from the operation of the statute of limitation. In our opinion, however, no part of section 280 can be read alone, but each part must be read and construed along with other provisions of the Act.

Section 280, in subdivision (a), provided a new method of proceeding against a transferee. Theretofore it had been entirely by suit; now it is to be largely, if not entirely, by executive action. Subdivision (b) provided different periods of limitation for assessment against the transferee from those for assessment against persons primarily liable for taxes.

The Board has held that, where the period of limitation for assessment against the taxpayer expired after the enactment of the Revenue Act of 1926, the Commissioner had the additional period for assessing the transferee given by subdivision (b) (1), thus, in effect, holding that the law provided for two periods, one for the taxpayer, and a longer one within which to proceed against the transferre. *Louis Costanzo*, 16 B. T. A. 1294; *National Bank of Commerce et al.*, 19 B. T. A. 1080; *J. A. Kemp*, 20 B. T. A. 875. That Congress may provide different limitation periods, we have no doubt. The added difficulty in pursuing transferred assets in the hands of transferees would, in our opinion, be ample warrant for granting to the Commissioner the additional time. Subdivision (b) (2), within which the present case falls, provides that where the period for assessment against the transferor expired before the new method of procedure became effective, but assessment had been timely made, then the Commissioner could assess against the transferee up to a time not later than one year after the procedure established by section 280 could be brought into use.

A brief review of the events leading to some of this legislation will, we believe, be helpful. The Bureau of Internal Revenue had al-

ways accepted the view that if an assessment was made by the Commissioner within the period provided by law, then collection might be made at any time and the provision found in section 250 of the Revenue Act of 1921 that "no suit or proceeding for the collection of any such taxes due under this Act or any prior income, excess-profits or war-profits tax Acts * * * shall be begun after the expiration of five years after the date when such return was filed" had no application to proceedings by distraint. With the Supreme Court's decision in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346, there was a rude awakening on the part of the Government for it was there held that the word "proceeding" appearing in the quoted provision applied as well to distraint proceedings as to suits. That there was doubt as to the correctness of the respondent's interpretation long before the *Lighterage* decision is shown by reports of the House Ways and Means Committee and Senate Finance Committee when the bill that became the Revenue Act of 1924 was under consideration. See p. 26, Rept. No. 179, and p. 32, Rept. No. 398, 68th Cong., 1st sess. Whatever may have been the intention of Congress in enacting section 278 of the Revenue Act of 1924, the Supreme Court decided in the case of *Russell* v. *United States*, 278 U. S. 181, that the additional six years for collection did not apply to assessments made before the passage of the 1924 Act. The *Russell* case was not decided until January, 1929, but the construction finally sustained by the Supreme Court had already been urged and when the 1926 Act was enacted that view "had apparently been already divined as a possibility." *Reeves* v. *Anderson*, 43 Fed. (2d) 679.

Such was the situation when the 1926 Act was under consideration. Section 278 (d) of that act was a substantial reenactment of the same subdivision of section 278 of the 1924 Act with this exception, it provided that "Where the assessment * * * has been made (whether before or after the enactment of this Act) within the statutory period of limitations properly applicable thereto such tax may be collected by distraint * * * if begun (1) within six years after the assessment of the tax * * *." The proposed action of the Ways and Means Committee which was finally embodied in the law in subdivision (d) of section 278 was bitterly opposed by many taxpayers and it was finally decided that the proposed legislation should not affect existing rights, and by section 278 (e) Congress provided that "this section shall not * * * authorize the assessment of a tax or the collection thereof by distraint or a proceeding in court, if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the statutory period of limitation properly applicable thereto * * *."

At the outset of this opinion we have quoted from section 280, subdivision (a) of which provides substantially that the liabilities of a transferee shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency "except as hereinafter in this section provided." But for the exceptions provided it would seem clear that the limitation period for transferees would be the same as for taxpayers and as section 278 (e) made it clear that the section was not to revive rights that had been definitely lost by the Government, there could be no difficulty in reaching the conclusion contended for by the petitioners herein.

As already pointed out we have taken the view that where the period for assessment against the taxpayer had not expired before the passage of the 1926 Act, subdivision (b) (1) gives the Commissioner an extra period of one year within which to proceed against the transferee, and we have indicated the reasons which we believe actuated Congress in providing this longer period. We have held, however, on the other hand that subdivision (b) (1) has no application in cases where the statutory period for assessing had finally and definitely expired before the passage of the 1926 Act. This subdivision is not in terms retroactive and an intention to revive a remedy for enforcing a liability theretofore barred is not to be lightly imputed to Congress unless there is a clear indication that such was the intent. *Barron-Anderson Co.*, 17 B. T. A. 686. We do not believe it was the intention of Congress to reopen cases definitely closed, and this may be explained as the thought underlying our decisions on this point, though there may have been in some of the decisions other and different reasons for the conclusions reached.

Subdivision (b) (2), however, by its very terms applies to cases where the period of limitation for assessment against the taxpayer expired before the enactment of this act, but assessment against the taxpayer was made within such period. If this provision may be given effect without construing it so as to revive a remedy for enforcing a liability that was unenforceable before its passage and without reopening cases closed out and dead, we think such a construction is to be preferred. By so doing we harmonize section 280 (b) (2) with section 278 (e) and avoid the incongruous result of supposing that Congress intended to leave the taxpayer as he was before the passage of the 1926 Act, and at the same time to revive a remedy for enforcing a liability which had likewise become unenforceable against the transferee. This we believe may be accomplished by reading section 280 (b) (2) so as to apply to assessments made before the passage of the 1926 Act, which did in fact at the time they were made serve to extend the period for collection, which would include all valid assessments made after

the passage of the 1924 Act, but would not include assessments made before June 2, 1924, which it has now been definitely held in the *Russell* case were not included in the provisions extending the period for collection.

We thus lay our decision on what we believe to be a correct interpretation of the Act in the light of the history of the legislation and the situation confronting Congress at the time.

This view is in harmony with the additional legislation appearing in the 1928 Act. Section 506 of that act, among other things, provides that where the period for assessment and collection has expired, nevertheless, if after the passage of that act and before January 1, 1929, the taxpayer and the Commissioner consent in writing to a later assessment, such may be made though the effect of the agreement substantially confers on the Government a right which it had lost by the passage of time. Congress did not here arbitrarily extend the period but only gave the Government additional time in cases where, after the passage of the act, the taxpayer by his own affirmative action saw fit to grant it.

The assessment in this case having been made against the transferor prior to June 2, 1924, it is our opinion that assessment and collection against petitioners, as transferees, are barred.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

---

MURDOCK, concurring: I agree with the decision of this case but desire to set forth my reason for so doing.

The Revenue Act of 1926 was not intended to and did not authorize the assessment or collection of any tax which at the time of its enactment could not be assessed or collected because of the bar of the statutory period of limitation properly applicable thereto. See section 278 (e). Section 278 (d) of that act provides that a tax may be collected within six years after a timely assessment. Section 280 (b) provides a period of limitation for assessment of transferee liability, but collection of taxes from transferees must be made in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by Title II of the Revenue Act of 1926. See section 280 (a). Bearing in mind this provision of section 280 (a), and reading section 280 (b) in the light of section 278 (d) and (e), I am convinced that the Revenue Act of 1926, and particularly section 280 thereof, was not intended to and did not revive remedies for the enforcement of tax liabilities, where, prior to the enactment of the Act, the statutory period of limitations had already barred assessment or collection.

Section 280 (b) of the Revenue Act of 1926 provided an entirely new procedure for the enforcement of a liability of a transferee, and at the same time, in subdivision (b), it provided a period of limitation for the assessment of any such liability. Prior to the enactment of that act, no such method of enforcement was available to the Commissioner, and there was no provision for the assessment of the liability of the transferee in respect to the tax imposed upon the transferor. It does not follow, however, that the Government could assert a claim against and collect a tax from a transferee under these prior acts after the statute of limitations had run against the original taxpayer. Suit or proceeding for collection from a transferee could not have been begun after the time had expired within which a suit or proceeding for collection from the taxpayer transferor had expired. *Russell* v. *United States*, 278 U. S. 181; *United States* v. *Updike*, 281 U. S. 489; *United States* v. *American Exchange Irving Trust Co.*, 43 Fed. 829.

In one class of cases section 280 (b) (1) gave the Government an additional year in which to proceed against the transferee after it could no longer proceed against the transferor. This class of cases is where both the period for assessment and collection against the taxpayer transferor were permitted to expire after the enactment of the Revenue Act of 1926, and before notice to or assessment against the transferee. I know of no reason why Congress did not have the power to fix the statutory periods of limitation which it did fix in section 280 (b). Therefore, I see no difficulty in applying the plain words of section 280 (b) where the facts in any given case bring it within either one of its provisions, but do not show that assessment or collection was barred before the enactment of the Revenue Act of 1926.

Sections 1106 (a) and 280 (b) both appear for the first time in the Revenue Act of 1926, and there is no reason to believe that the general provisions of section 1106 (a) supersede the specific provisions of section 280 (b). Therefore, in all transferee cases it is important to see whether or not the Commissioner has moved against the transferee within the time given him by section 280 (b). If he has, and if collection from the transferee was not barred before the enactment of the Revenue Act of 1926, then it matters not what the Commissioner's rights are against the transferor, for in such cases the bar of the statute has not run as to the liability of the transferee in respect of the tax imposed upon his transferor, and section 1106 (a) does not have any effect.

The cases all fall within two general classes depending upon the condition of the Commissioner's remedy at the time of the enactment of the Revenue Act of 1926. In all of those cases of transferee

liability where prior to the enactment of the Revenue Act of 1926 the statute had run against assessment or collection from the tax-payer transferor and likewise, therefore, against collection from the transferee, section 280 (b) has no effect. It does not revive a remedy once dead, and the transferee has a complete independent defense. If section 1106 (a) extinguishes the liability, the fact is of no particular importance in the decision of such cases. In all cases of transferee liability, where the Commissioner's remedy against the taxpayer and likewise against the transferee was still alive on the date of the enactment of the Revenue Act of 1926, the question of the continuation of that remedy against the transferee depends upon whether or not the Commissioner has proceeded against the trans-feree timely under section 280 (b). If he has, section 1106 (a) does not effect an extinguishment of the liability. If he has not, then that fact is a complete defense to the transferee and it is not impor-tant in the decision of such cases that section 1106 (a) extinguishes the liability.

There are a number of decisions of this Board on this subject in which different reasoning has been employed, but, so far as I have been able to determine, the result reached in each of those cases has been the result which would have been reached had the principles herein expressed been applied.