E. N. & O. M. ENNIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OSCAR M. ENNIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. N. ENNIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15281, 24961, 24962.   Promulgated November 21, 1930.

*Joseph E. Pottle, Esq.*, and *J. C. Murphy, Esq.*, for the petitioners. *James L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: These three proceedings were consolidated.

The Commissioner, by two letters each dated January 8, 1927, notified Elias N. Ennis and Oscar M. Ennis, respectively, that under section 280 of the Revenue Act of 1926 he proposed to assess against Elias N. Ennis an amount of $570.79 and against Oscar M. Ennis an

amount of $570.78, as their liability as transferees of the assets of " E. N. & O. M. Ennis " for unpaid income and profits taxes in the amount of $1,141.57 assessed against the corporation for the years 1917 and 1918. A corporation income-tax return for " E. N. & O. M. Ennis " for the year 1917 was filed not later than March 28, 1918. A corporation income and profits-tax return for " E. N. & O. M. Ennis " for the year 1918 was filed not later than May 5, 1919. The 1917 taxes here in controversy were assessed on November 24, 1923, and those for 1918 were assessed March 1, 1924. Thus, the assessments were made before June 2, 1924, the day on which the Revenue Act of 1924 was approved, and the period for collection was not extended beyond the original five-year period. Russell v. United States, 278 U. S. 181; Annie P. Kountze, 17 B. T. A. 928. Deficiency notices respecting these taxes were mailed to " E. N. & O. M. Ennis " on April 7, 1926. The notices of the determination of transferee liability which form the basis for the present proceedings at Docket Nos. 24961 and 24962 were mailed, as above stated, on January 8, 1927. The Revenue Act of 1926 was approved on February 26, 1926. At that time the statute of limitations barred all remedy against the taxpayer, and if liability had been asserted against a transferee, he could have defended successfully on the ground that the statute of limitations had run against his transferor. Thus, on the date of the enactment of the Revenue Act of 1926, there was, at most, a liability for these taxes then assessed and unpaid which the Government could not collect because of the bar of the statute of limitations. Cf. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346; United States v. Updyke, 281 U. S. 489. As pointed out in Caroline J. Shaw, Executrix, 21 B. T. A. 400, section 280 of the Revenue Act of 1926 was not intended to and did not revive remedies for enforcing a liability that was unenforceable before its passage because of the bar of the statute of limitations. Following the reasoning of that case, we hold that the statute of limitations has run as to the taxes proposed for assessment at the above mentioned docket numbers, and having so held, it is not necessary to discuss other features of these two cases, because even though the respondent were successful in all other contentions, judgment must still be for the petitioners.

The remaining case is that at Docket No. 15281. In that case the Commissioner sent a letter dated March 30, 1926, to " E. N. and O. M. Ennis, Milledgeville, Georgia," allowing a claim in abatement in part and rejecting it for $1,479.29 as to its corporate income and profits taxes for the year 1919. On April 29, 1926, a petition was filed with the Board. This petition alleged that the deficiency notice was the letter above referred to. The petition purports to be that of a partnership by the name of " E. N. & O. M. Ennis " and

408

alleges that no corporation of this name ever existed. The petition is certainly not that of the corporation or taxpayer against which the Commissioner has determined a deficiency, and the Commissioner has determined no deficiency against, and is trying to collect no tax from, the partnership which has filed the petition. Furthermore, it does not appear that O. M. Ennis, who signed and verified the petition as a partner, was an officer of any corporation. Under such circumstances we have no jurisdiction as to the petition filed at Docket No. 15281, and that proceeding is dismissed for lack of jurisdiction. *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *American Arch Co.*, 13 B. T. A. 552. Cf. *J. F. McKean*, 15 B. T. A. 795.

Reviewed by the Board.

> *Judgment for the petitioners will be entered in Docket Nos. 24961 and 24962. Order of dismissal will be entered in Docket No. 15281.*