## J. G. NICHOLAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27353. Promulgated February 28, 1931.

*James J. Sullivan, Esq.*, for the petitioner.
*J. E. McFarland, Esq.*, for the respondent.

OPINION.

BLACK: From the record it seems clear that the petitioner is a transferee of the assets of the New Savoy Hotel Company and this proceeding has been properly brought under section 280 of the Revenue Act of 1926. It is difficult to determine from the stipulation whether the assets were transferred to the petitioner at the time a sale of the same for $37,283 was approved by the directors, or whether the transfer took place when they were subsequently sold by the New Savoy Hotel Company, petitioner, and E. T. Williams to

the Shirley Hotel Company and the proceeds distributed pro rata to the petitioner and the other principal stockholder, Williams. This latter transaction is in itself sufficient to render the petitioner liable as transferee, as the company was left without assets with which to pay the tax.

The taxpayer corporation distributed to petitioner cash considerably in excess of the total amount of the tax liability involved in this proceeding. The fact that petitioner was a stockholder of the corporation and contends that he received the money in liquidation of his stock does not make him any less liable as a transferee. A stockholder may not receive the assets of a corporation in payment of his stock and leave it insolvent and thus defeat the claim of creditors. The claim of creditors must first be satisfied before distribution can be made to stockholders. Cf *Louis Costanzo*, 16 B. T. A. 1294, and *John Gerosa*, 21 B. T. A. 1234, and cases there cited. The petitioner's liability is not limited to his pro rata share of the assets distributed, since the amount received by him exceeds the tax here involved. *Grand Rapids National Bank*, 15 B. T. A. 1166, and *Annie G. Phillips*, 15 B. T. A. 1218.

We can not agree with the petitioner's second contention that the tax is barred by the statute of limitations.

The stipulation recites that the return for the fiscal year ended January 31, 1921, was filed on May 13, 1921, and that the amount shown due thereon " was thereafter duly assessed." Taxpayer's fiscal year having ended January 31, 1921, the statute of limitations provided in the Revenue Act of 1921 governs. That statute provides a period of four years from the date of filing the return within which assessment of the tax may be made and a period of five years from the date of filing the return within which collection of the tax may be made. Taxpayer's return was filed May 13, 1921, and the statute of limitations would run in favor of the taxpayer as to assessment unless otherwise arrested, on May 13, 1925, and as to collection, on May 13, 1926. But the Revenue Act of 1924 provided that where assessment of the tax was timely made, collection of the tax might be made within six years from the date of such assessment.

In *Russell* v. *United States*, 278 U. S. 181, it was held that in the case of assessments made under the 1918 and 1921 Acts, prior to June 2, 1924, the six year extension of time for collection provided in the 1924 Act does not apply. In other words, it holds that only those assessments made after June 2, 1924, (which was the effective date of the Revenue Act of 1924) serve to extend the time of collection of the tax six years from the date of the assessment.

In *Florsheim Brothers Dry Goods Co., Ltd.* v. *United States*, 280 U. S. 453, it was held that where assessments levied under prior acts were timely made, after the effective date of the Revenue Act of 1924, to wit, June 2, 1924, under both the Revenue Acts of 1924 and 1926 collection might be made at any time within six years from the date of making such assessment. On the point as to when assessment was made, the stipulation says:

Taxpayer filed an income tax return for the fiscal year ending January 31, 1921, said return being filed May 13, 1921, said return showing a tax due and then payable of $22,523.76, which said sum was *thereafter duly assessed.* (Italics supplied.)

We are given no information as to the date when such assessment was made. If the assessment was made after June 2, 1924, it is clear the respondent would have six years in which to make collection (*Florsheim Brothers Dry Goods Co., Ltd.* v. *United States, supra; Jaffee* v. *Commissioner of Internal Revenue*, 45 Fed. (2d) 679, and under section 280(b) (2) would have six years from the date of the assessment in which to assert liability against petitioner as transferee of assets of the taxpayer. *Caroline J. Shaw, Executrix*, 21 B. T. A. 400.

Even assuming that the date of the assessment of the tax against the New Savoy Hotel Company, transferor, was on May 13, 1921, the day it filed its income tax return for the taxable year involved in this proceeding, and the provisions of section 278(d) of the Revenue Act of 1924 do not apply, the statute of limitations would not have run against the collection of the tax. The five-year period provided in the Revenue Act of 1921 and subsequent acts for the collection of the tax would not have expired until May 13, 1926. Prior to the expiration of said period, the Revenue Act of 1926 was passed February 26, 1926, which contained section 278(d), reading as follows:

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

Petitioner's liability as transferee of the assets of the taxpayer corporation is not barred by the statute of limitations.

*Decision will be entered for the respondent.*