MARTIN HOTEL CO. AND AFFILIATED CORPORATIONS,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16275.   Promulgated January 15, 1930.

---

[1] The affiliated and associated companies joining in this petition are: Martin Hotel Co., Sioux City, Iowa; M. & M. Hotel Co., Cedar Rapids, Iowa; Norval Hotel Co., Lima, Ohio; Sioux Falls Hotel Co., Sioux Falls, S. Dak.; Minnehaha Hotel Co., Sioux Falls, S. Dak.

*Daniel F. Hickey, Esq., John E. Hughes, Esq.,* and *William Cogger, Esq.,* for the petitioners.

*John D. Foley, Esq.,* for the respondent.

### MEMORANDUM AND OPINION.

TRUSSELL: By this proceeding five affiliated corporations appeal from deficiencies in income and profits taxes determined by respondent for the calendar years 1919 and 1920. By the petition filed and amendment thereto subsequently allowed, error is assigned upon the action of respondent in a failure to allow special assessment, and as to the year 1919 the statute of limitations is pleaded.

Respondent by his answer denies error in his refusal of special assessment and, by way of defense to the plea of the statute of limitations, alleges the execution by two of the petitioners, the Martin Hotel Co., and the M. & M. Hotel Co., of a so-called "escrow agreement" whereby a deposit was made of the amount of the deficiencies originally determined as to these two taxpayers, contending that this agreement constituted a waiver of the right of the petitioners to appeal to this Board for redetermination of the deficiencies, or, in the alternative, that such agreement constituted a waiver of the statute of limitations.

The matter came first for hearing before us upon motion by petitioners for a judgment of no deficiency for the year 1919 as to four of these petitioners upon the allegations of the petition admitted by the answer, and the affirmative allegations made therein.

This motion was heard upon argument of counsel October 25, 1927, and on June 16, 1928, was denied upon the ground that assessment of the taxes in question was made in March, 1924, prior to the enactment of the Revenue Act of 1924, and respondent accordingly had six years from the date of this assessment in which to make collection. This conclusion was reached under the rule laid down by us in *Art Metal Works,* 9 B. T. A. 491. Subsequent to this action upon the motion, the United States Supreme Court decided the case of *Russell* v. *United States,* 278 U. S. 181, holding that the term of six years for collection from the date of timely assessment provided by the Revenue Act of 1924 does not apply to assessments made prior to the date of that act. Petitioners thereupon filed on January 9, 1929, a motion to vacate the order of June 16, 1928, and to enter

judgment of no deficiency for 1919 as asked by the former motion. It is this request that we have now for consideration.

The facts as admitted in the pleadings are that three of the affiliated corporations in respect to which the motion is made, the Martin Hotel Co., the M. & M. Hotel Co., and the Minnehaha Hotel Co., filed their returns for the year 1919 on May 15, 1920, the fourth corporation, the Sioux Falls Hotel Co., filing its return for that year on March 13, 1920, and that respondent thereafter determined these corporations to be affiliated and in March, 1924, assessed against them additional income and profits taxes for the calendar year 1919 as follows:

| | |
|---|---|
| Martin Hotel Co | $25,593.21 |
| M. & M. Hotel Co | 13,525.12 |
| Sioux Falls Hotel Co | 2,535.01 |
| Minnehaha Hotel Co | 16,815.59 |

On March 26, 1924, the two first named companies filed with the collector of internal revenue for the district of Nebraska at Omaha claims for abatement of these assessments and a stay of collection, and the forwarding of the claims by him to respondent for consideration was refused unless security were furnished guaranteeing the payment of the tax which would be finally found due. After considerable negotiation between these two companies and the collector upon the question of security satisfactory to him, these two companies deposited the sum of $48,000 in cash in the Omaha National Bank under an agreement signed by these two petitioners, the collector and the bank on July 10, 1924, and reading as follows:

WHEREAS, the Commissioner of Internal Revenue of the United States has set up against the Martin Hotel Company, a corporation, operating a hotel at Sioux City, Iowa, but with headquarters at Omaha, Nebraska, additional Corporation Income Tax for the year 1919 in the amount of $25,593.21 and a similar tax for the year 1918 in the amount of $2,306.96, And

WHEREAS, said Commissioner of Internal Revenue has also set up against the M. & M. Hotel Company, a corporation, operating a hotel at Cedar Rapids, Iowa, and having its headquarters at Omaha, Nebraska, additional Corporation Income Tax for the year 1919 in the amount of $13,525.12 and a similar tax for the year 1918 in the sum of $2,338.31, And

WHEREAS, the total of the items above mentioned is $43,763.60, said amount to be increased by certain accrued interest not yet determined, And

WHEREAS, the aggregate amount of taxes mentioned above has been certified by said Commissioner of Internal Revenue to the Collector of Internal Revenue of the District of Nebraska for collection and is now spread upon the Collector's books for collection, being unpaid, And

WHEREAS, said Martin Hotel Company and said M. & M. Hotel Company claim that said taxes have been improperly set up, are not owed by them or either of them in whole or in part, And

WHEREAS, said Hotel Companies have each filed claims in abatement of said taxes with said Commissioner of Internal Revenue, And

WHEREAS, E. C. Eppley of Omaha, Nebraska, is an .officer of said Martin Hotel Company, and also an officer of said M. & M. Hotel Company.

Now, for the protection of the interests of the United States during the pendency of said claims of said Hotel Companies for abatement of said taxes, said Martin Hotel Company and said M. & M. Hotel Company, by arrangements with said E. C. Eppley, have caused to be deposited with Omaha National Bank at Omaha, Nebraska, as Escrow Agent, the principal sum of $48,000 to be used in the payment of all such taxes hereinbefore referred to, as may eventually be determined by said Commissioner of Internal Revenue to be due from said Martin Hotel Company and said M. & M. Hotel Company upon final consideration of said claims for abatement filed by said Martin Hotel Company and said M. & M. Hotel Company.

Now, THEREFORE, this Declaration of Trust is made by said Omaha National Bank, Escrow Agent, for the purpose of stating the terms and conditions of said trust:

1. Said principal sum of $48,000 so deposited with said Omaha National Bank as Escrow Agent hereunder, shall be held by said Escrow Agent until the final determination of said additional Corporation Income Taxes due from said Martin Hotel Company and said M. & M. Hotel Company for the years 1918 and 1919 is made by said Commissioner of Internal Revenue in accordance with the procedure prescribed by the law and regulations for such cases. Said final adjustment and determination shall be certified to said Omaha National Bank by said Collector of Internal Revenue for the District of Nebraska and such certification shall be final with respect to fixing the liability of said taxpayers for the years in question.

2. If within ten days after said final adjustment and determination of said taxpayers' liability is made, the said taxpayers, namely, said Martin Hotel Company and said M. & M. Hotel Company, shall pay any and all additional Corporation Income Taxes found due from them or either of them upon final hearing of their said claims in abatement and shall exhibit to said Escrow Agent satisfactory proof of said payments, then said Escrow Agent shall release, surrender and deliver to said Martin Hotel Company said M. & M. Hotel Company and said E. C. Eppley said principal sum of $48,000 then held by said Escrow Agent hereunder, and this agency shall thereupon cease and terminate.

3. If said taxpayers, namely, said Martin Hotel Company and said M. & M. Hotel Company, at the end of ten days after said final adjustment and determination of their said tax liability shall not have paid the said taxes so found due upon final consideration of their said claims in abatement, then upon notice to that effect from said Collector of Internal Revenue for the District of Nebraska, said Escrow Agent shall thereupon pay over to said Collector of Internal Revenue for the District of Nebraska, all of said principal sum of $48,000.00 that may be necessary to pay any and all of said additional Corporation Income Taxes finally determined to be due from said Martin Hotel Company and said M. & M. Hotel Company, together with any penalties or interest thereon. And any balance remaining in the hands of said Escrow Agent, after paying all of said additional Corporation Income Taxes in full, together with interest and penalties thereon, shall be paid and delivered to said Martin Hotel Company, said M. & M. Hotel Company and said E. C. Eppley. And it is further agreed that if said principal sum of $48,000.00 shall be insufficient to pay all such additional Corporation Income Taxes as shall be finally determined to be due from said Martin Hotel Company and from said M. & M. Hotel Company upon final hearing of their said claims in abatement, then said Commissioner of Internal Revenue and said Collector of Internal Revenue

for the District of Nebraska may proceed at once to collect said deficiency in the manner prescribed by law in such cases.

4. Said Escrow Agent, the Omaha National Bank, shall not be liable in respect of any matter or thing done hereunder except for its own willful default.

Prior to this, on April 8 and 9, 1924, the other two affiliated corporations, the Sioux Falls Hotel Co. and the Minnehaha Hotel Co., both South Dakota corporations with principal offices in that State, had filed claims for abatement of the assessments made against them with the collector for the district of South Dakota at Aberdeen, and these had been received and forwarded to the respondent, collection of these assessments being withheld without requiring these two taxpayers to furnish security.

Thereafter, on March 23, 1926, respondent, after consideration of the tax liabilities of all four of the affiliated corporations for the fiscal years 1918, 1919, and 1920, determined deficiencies against each, formal notices being mailed them on that date containing the usual and customary notice as to their rights of appeal to this Board within 60 days for a review of such deficiencies, and from the deficiencies so determined petitioners have, within the 60-day limit, filed this appeal. By the determination of deficiencies the former assessments for the year 1919 as set out above were abated in part as to each corporation, the amount of the deficiency in each case as finally determined being as follows:

| | |
|---|---:|
| Martin Hotel Co. | $14, 518. 48 |
| M. & M. Hotel Co | 11, 544. 22 |
| Sioux Falls Hotel Co | 2, 230. 09 |
| Minnehaha Hotel Co | 11, 856. 21 |

Respondent, by his answer, sets up the execution of the so-called escrow agreement and asserts that it constitutes a waiver by the affiliated corporations of the right given them by the Act of June 2, 1924, to appeal to this Board for a review of the deficiencies determined. His theory is in effect, that these two taxpayers, by the execution of this contract, have agreed to an arbitration of the tax liability of the affiliated corporations, he being the arbitrator agreed upon with power of absolute and final determination.

With respect to two of these taxpayers, the Sioux Falls Hotel Co., and the Minnehaha Hotel Co., it is evident that whatever the effect of the escrow agreement in question may have been as to the two corporations executing it, there could be no liability or release of statutory right charged to them as a result of its execution, as they are neither parties to it nor is it executed in their behalf nor did they obtain any benefit as a result thereof. It is shown that the claims in abatement filed by these two corporations had already been received and forwarded to respondent for consideration at the time of the

execution of this agreement. The claims were made separately by these companies and were for abatement of assessments made against them separately and individually for taxes computed upon the basis of consolidation. If liable for the amounts of these assessments such liabilities were ones of these corporations individually and severally— not jointly. The so-called " escrow agreement " by its specific terms is limited to the tax liabilities of the two corporations who executed it and does not affect the Sioux Falls Hotel Co. and the Minnehaha Hotel Co. With respect to these two companies the facts show that the assessments in question were made prior to the passage of the Revenue Act of 1924, and that more than five years elapsed from the date the returns were filed by each before the deficiencies in question were determined against them upon consideration of their claims in abatement. It is true that the several petitioners filed separate returns and that subsequently they were held by respondent to be affiliated and the deficiencies herein have been determined on the basis of consolidation, but nevertheless they are returns of income regularly made. We have on several occasions held that, where companies which were not affiliated filed a consolidated return, such return was sufficient to start the running of the statute of limitations. *Matteawan Mfg. Co.*, 14 B. T. A. 789; *Stetson & Ellison*, 11 B. T. A. 397; *Kellogg Commission Co.*, 6 B. T. A. 771. The converse of this rule, that the statute begins to run from the date of the filing of separate returns by corporations which are in fact affiliated, is equally well supported by the reasons sustaining that theory. As to these two petitioners we must hold without further consideration that collection of the deficiencies determined against them for the year 1919 is barred upon authority of *Russell* v. *United States, supra.*

With respect to the Martin Hotel Co. and the M. & M. Hotel Co., the questions presented are two: first, whether the so-called escrow agreement executed by them constitutes a waiver of their right to ask of this Board a review of the deficiencies finally determined against them, and, second, does that agreement, if not a waiver of jurisdiction, constitute a waiver of the statutory limitation against collection?

A consideration of the so-called escrow agreement and the circumstances under which it is given indicate that it is nothing more than a personal bond of these taxpayers, with a deposit of money as security, given to guarantee the collector against loss as a result of his withholding of action toward collection by distraint of the assessments made. The right of appeal to this Board for review of the deficiency determined, granted by the Revenue Act of 1924 to these petitioners, is in our opinion, as absolute and indefeasible as is the right to sue in court for the recovery of a tax paid. In

this connection it is noted that the Federal courts have consistently held void agreements whereby legal jurisdiction is ousted. *United States Refining Co.* v. *Trinidad*, 222 Fed. 1006; *Hamilton* v. *Home Insurance Co.*, 137 U. S. 370; *Jefferson Fire Ins. Co.* v. *Bierce*, 183 Fed. 588; *Mitchell* v. *Dougherty*, 90 Fed. 639. In this agreement, however, these taxpayers do not specifically waive their statutory right of appeal. No mention of that right is made. We are asked to conclude that such is the intention of the parties from the wording of the agreement providing for a final determination by the Commissioner and payment of the amount determined. It is an unquestioned rule that the party charged with a waiver of his rights must be shown to have had such intent. In 27 R. C. L., p. 909, it is said:

No man can be bound by a waiver of his rights unless such waiver is distinctly made, with full knowledge of the rights which he intends to waive and the fact that he knows his rights and intends to waive them, must plainly appear.

To assume that it was the intention of these taxpayers by this agreement to waive their statutory right of appeal to this Board we must first conclude that the collector, being placed in such a position that he could require a satisfactory bond or other security as a condition of a stay of action by him toward collection by distraint, not only exacted a deposit in cash of an amount equal to the assessments and interest, but also required of these taxpayers a surrender of their statutory right of appeal.

That such a conclusion would invalidate the contract, in so far as a waiver of the right of appeal is concerned, does not require argument.

Aside from the question of the legality of the so-called " escrow agreement," if construed as an intentional waiver of the right of appeal, we find nothing in the contract in question, viewed in the light of conditions under which it was executed and the situation which it was designed to meet, which indicates such an intention. The situation was one calling for the giving of security to the collector for the tax assessed, as a condition for a stay of collection and for consideration of the claims for abatement submitted. The agreement furnished such security. It carried no specific waiver of any right and we refuse to read into it an intention, not expressed, to surrender a statutory right in addition to the full and complete consideration for the stay of collection secured.

We hold that the agreement in question does not constitute a waiver of the right of these two taxpayers to appeal to the Board and that we have jurisdiction to entertain the appeal.

In respect to the question raised that the escrow agreement constitutes a waiver of the statute of limitations, we see nothing in its

terms to cause it to be considered as anything more than a personal bond with a cash deposit as security and having no more effect than bonds given in several other cases upon which we have passed in which a similar question has been raised. In *C. B. Shaffer*, 12 B. T. A. 298, we held that a bond given by a taxpayer to secure the collector against loss by reason of his withholding of collection of an assessment and to secure his submission to the Commissioner of a claim in abatement, did not constitute a waiver of the statutory limitation upon collection. In that case, as in the present one, the agreement contained no provision waiving the statutory limitation or which could be construed as an intention to give anything more than security to the collector for his withholding of action. In that case we said: " We conclude that not only the instrument itself, but also the conditions under which it was given show that the bond is not a ' consent in writing ' prescribed by section 250(d) [Act of 1921] as authority for extending the five-year statute of limitations." We have consistently adhered to the rule laid down in the *Shaffer* case. *Guardian Trust Co.*, 15 B. T. A. 1256; *H. W. Lieber et al.*, 13 B. T. A. 1175; *Edwin J. Schoettle Co.*, 13 B. T. A. 950; *Arthur H. Lamborn et al.*, 13 B. T. A. 177; *Western Casket Co.*, 12 B. T. A. 792; *Gulf States Steel Co.*, 12 B. T. A. 1244.

We hold that the so-called escrow agreement of July 10, 1924, did not constitute a waiver of the five-year statute of limitations and, as the admitted facts show that the returns in question were filed more than five years prior to the date of the determination of the deficiencies in question and that the assessments were made prior to the enactment of the Revenue Act of 1924, that collection of these deficiencies is, upon authority of *Russell* v. *United States*, *supra*, now barred. This conclusion is not in conflict with the decision in the case of *United States* v. *John Barth Co.*, 279 U. S. 370. As we read that case it involves solely the question of the defendant's liability under suit brought upon the obligation created by the execution of a bond under a specific provision of the taxing act, not here involved, calling for such bond and granting the taxpayer a stay of collection in cases where it was furnished. In the proceeding before us we consider the so-called escrow agreement only for the purpose of determining whether it constitutes a waiver of jurisdiction, or a waiver of the statutory limitation in respect to collection of the tax as such, and we do not pass upon the question as to whether these taxpayers have liabilities under the escrow agreement and created thereby.

The order heretofore entered on June 16, 1928, will be vacated, proper order in respect to the year 1919 will be entered under our decision that collection of the deficiencies determined in respect to

834

these four petitioners is now barred by the statute of limitations, and the proceeding will be restored to the calendar for hearing upon the issue raised in respect to the year 1920.

Reviewed by the Board.

*Order will be entered accordingly.*

MARQUETTE, STERNHAGEN, MURDOCK, and BLACK concur in the result only.