**DIAMOND ALKALI CO. v. HEINER, Collector of Internal Revenue.**

No. 5613.

District Court, W. D. Pennsylvania.

Feb. 10, 1930.

See also 39 F.(2d) 645.

644

John W. Davis and Montgomery B. Angell, both of New York City, Marion N. Fisher, of Washington, D. C., and Smith, Shaw, McClay & Seifert, W. A. Seifert, and Maynard Teall, all of Pittsburgh, Pa., for plaintiff.

Louis E. Graham, U. S. Atty., of Beaver, Pa., John A. McCann, Sp. Atty., Bureau of Internal Revenue, of Pittsburgh, Pa., and Elden O. Hanson, Sp. Atty., Bureau of Internal Revenue, and Clarence M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., for defendant.

GIBSON, District Judge.

This suit has been brought by the plaintiff against the defendant to recover alleged overpayments of 1916 and 1917 taxes which were made over protest and pursuant to threats of distraint. A jury trial was waived.

The plaintiff contends that the assessment and collection of the 1916 and 1917 tax in instant litigation were each made subsequent to the period prescribed by the statute for assessment and collection of the taxes for those years. The defendant asserts that the statutory limitation was waived, as to the 1916 tax, by written agreement between the taxpayer and the Commissioner of Internal Revenue dated subsequent to the expiration of such statutory period, and as to the 1917 tax, by similar written agreements between the same parties, the last of which expired March 15, 1925. The waivers in themselves do not furnish any defense to the claim of the plaintiff, as the collection was not made within the period of the agreed extension, nor does the defendant so claim. It is contended, however, that waivers were in force on June 2, 1924, when the Revenue Act of 1924 went into effect, and that section 278(d) of that act (26 USCA § 1061 note) allowed six years after assessment (made on April 1, 1924) for collection of the tax. Defendant further claims that plaintiff, by filing claims in abatement of the tax and protests, was estopped from setting up the limitation statute; also, that the filing of the abatement claims brings the case within section 611 of the Revenue Act of 1928, 26 USCA § 2611, which in substance provides that no payment of tax, assessed prior to June 2, 1924, and within the statutory limitation period and paid prior to or within a year after the enactment of the Act of 1928, shall be considered an overpayment as set forth in section 607 of the Act of 1928 (26 USCA § 2607), if a claim for abatement of the tax was filed and the collection was stayed. Defendant also relies upon section 612 of the Act of 1928

(45 Stat. 875), which repealed section 1106 (a) of the Revenue Act of 1926 (44 Stat. 113), which provided that lapse of the limitation period shall extinguish the liability as well as bar the remedy.

The claim of defendant in respect to the force of section 278(d) of the Act of 1924 (26 USCA § 1061 note) is directly ruled by Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. In that case the court held that section 278(d) had no application to cases where the assessment had been made, as in the instant case, prior to June 2, 1924.

The defendant's contention that plaintiff is estopped from setting up the statute of limitations by his claims for abatement of the tax is also unsound. See Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379.

The first two of defendant's contentions having been found to be without weight, we are required to consider his further contention in respect to the effect of sections 611 and 612 of the Act of 1928 upon section 1106(a) of the Act of 1926. The question involved herein was before this court in Clinton Iron & Steel Co. v. Heiner (D. C.) 30 F. (2d) 542. In that case we held that section 611 of the Act of 1928 (26 USCA § 2611) did not retroactively ratify a collection of tax by the collector of internal revenue which was illegal under existing laws at the time it was made. The facts in that case were not essentially different from those of the present case. The tax had been paid under protest after the expiration of the limitation period; and, as in the instant case, claims in abatement had been filed prior to the lapse of the statute. As stated in our opinion in that case, section 611 (26 USCA § 2611) was designed to control the Commissioner in crediting or refunding tax erroneously paid or collected. Section 3220 Rev. St., gave the Commissioner certain powers in respect to such credit or refund. These powers were curtailed by sections 1111, 1106, and 284 of the Revenue Act of 1926 (26 USCA §§ 149, 149 note, 1065), by which the Commissioner's authority to voluntarily refund taxes paid was confined to overpayments. Where the demand for refund was based upon the lapse of the statutory period of limitation, the Commissioner was denied the power of refunding or crediting the tax paid and the remedy was by suit. Section 607 (26 USCA § 2607) conferred power upon the Commissioner to refund or credit such payments, the power being modified, however, by section

611. It was necessary, to give effect to section 607, to repeal section 1106(a) of the Act of 1926, which prohibited the Commissioner from making a refund unless there had been an overpayment. In short, sections 607, 611, and 612 of the Act of 1928, and section 1106(a) of the Act of 1926, are administrative provisions and do not destroy any right of action against the collector in the taxpayer; and the taxpayer undoubtedly had a right of action upon collection of the assessed tax being made in the face of the statute then in force, section 1106(a) of the Act of 1926, which declared that the bar of the statute of limitations shall not only bar the remedy but shall extinguish the liability.

Sections 611 and 612 of the Act of 1928 were under consideration by the Supreme Court in United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743. In that case counsel for the government advanced the theory that these sections restored and gave life to the tax retroactively. The court declined to express an opinion upon this contention, having decided the case upon other grounds. The suit in that case was upon a bond which the taxpayer had given when it filed its claim in abatement, the condition being that the taxpayer would pay the tax found to be due, with interest. The court held: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract. The postponement of the collection of the taxes returned was a waiver of the statutory limitation of five years that would have applied had the voluntary return of the taxpayer stood and no bond been given."

The Circuit Court of Appeals for the Seventh Circuit had held that the Barth Company was entitled to avail itself of the statute of limitations in the suit upon the bond as well as in a suit for the collection of the taxes, and had decided against the claim of the United States, and was reversed upon the ground that the bond gave a distinct cause of action apart from a mere action to collect the tax.

The scope of sections 607, 611, and 612 of the Act of 1928 have been considered by courts other than the Supreme Court, with varying decisions. An examination of them, and our further consideration of such sections, has not caused a change in the view expressed in Clinton Iron & Steel Co. v. Heiner, supra. Judgment will therefore be entered in favor of the plaintiff. In arriving at this conclusion we have not based it upon the claim of plaintiff that the agreements for extension of time of collection were invalid because not properly signed by the Commissioner.