**WILLIAM F. TAUBEL, Inc., v. STURGESS,
Collector of Internal Revenue
(two cases).**

Nos. 1400, 1401.

District Court, D. New Jersey.
Nov. 8, 1930.

Mackay & Mackay, of Hackensack, N. J.,
for plaintiff.

Phillip Forman, U. S. Atty., of Trenton,
N. J., for defendant.

FAKE, District Judge.

The issues here arise on motions to
strike out the answers to the complaints.
The question of law is the same in each case,
and amounts to this: It being conceded that
the collection of certain additional income
and profits taxes were barred at the time pay-

ments thereof were made, inasmuch as more than five years had elapsed from the time the returns were filed, can the plaintiff recover these additional taxes, said payments having been made after claims in abatement were filed and rejected, claims for refunds having also been rejected?

The answer to this inquiry involves the construction of sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611) which are as follows:

"Sec. 607. *Effect of Expiration of Period of Limitation against United States.*— Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

"Sec. 611. *Collections Stayed by Claim in Abatement.*—If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

Section 607 clearly provides that, when a tax payment is made after it is barred, the amount so paid shall be dealt with as an overpayment, and shall be credited or refunded if duly claimed.

The assessments here were made before the Revenue Act of 1924 (43 Stat. 253) was enacted, and collection was not authorized by that act. Russell et al. v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. It appears that, while the determinations and assessments of these taxes were made within the time fixed by the act, the payments thereof were made more than five years after the returns were filed, and section 250(d) of the Revenue Acts of 1918 and 1921 (40 Stat. 1083, 42 Stat. 265) bar the collection of such assessments. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. It therefore follows that under section 607 (26 USCA § 2607), standing

alone, the plaintiff here would be entitled to recover, and this would. be so even in the event that the amounts were legally due prior to the running of the time fixed as a bar. However, it is urged by the defense that section 611 (26 USCA § 2611) bars a recovery by the plaintiff since the taxes were assessed within the time limited by law and collection was stayed pending the consideration of claims in abatement. This then brings us to an interpretation of section 611 (26 USCA § 2611), which provides that, if a claim in abatement was filed against an assessment made in time, and if collection was stayed, the payments shall not be considered an overpayment under section 607 (26 USCA § 2607). In this connection attention is drawn to the opinion of Judge Gibson in Diamond Alkali Co. v. Heiner (D. C. Western District of Pennsylvania) 39 F.(2d) 643. That case, however, differs from the instant case in at least one very important factor. There the assessment of the tax as well·as the collection thereof was made after the period prescribed for assessment had expired, and therefore it does not come within the purview of section 611 (26 USCA § 2611), while here the assessment was made within time and clearly falls within the class of cases which that section intends to deal with. All of the requirements of section 611 (26 USCA § 2611) must be present, however, or the section remains inoperative. It appearing then, that the assessments here were levied in time and that a claim in abatement was filed; it remains to be seen whether or not the collection of the taxes was stayed pending consideration of the abatement claims.

The defense contends that the language of section 611 (26 USCA § 2611), "and if the collection of any part thereof was stayed," should be interpreted to mean merely "a delay of proceedings to enforce collection by reason of the filing of a claim in abatement." If such had been the legislative intent, the phrase as used would be surplusage, since such interpretation would, beyond question, prevail if the phrase dealing with the word "stay" had been entirely omitted from the section. Appearing, however, as it does, some meaning must be given to it if possible. The additional assessments were made in 1921 on returns made in 1918 and 1919, respectively, and not collected until 1924 and 1925, respectively. Was there anything appearing to prevent or stay the collector from making collection between the dates of assessments and the expirations of the statutory limitations? On this point, Judge Woolley, speak-

ing for this circuit in Cadwalader v. Sturgess, 297 F. 73, 75. said:

"The Congress, by tax measures enacted from time to time, provides the revenue with which the national government is sustained. It is necessary to the maintenance of the government that the collection of taxes imposed for this purpose shall not be hindered or delayed, either by those who are charged with their payment, or by the courts in their behalf. Therefore, the law requires, broadly, that all taxes, even those 'erroneously or illegally assessed,' shall be paid when due. The Congress knew, of course, that injustice would occasionally be done by the enforcement of this necessary rule. Therefore, it prescribed a method by which one who has paid a tax 'erroneously or illegally assessed or collected' may recover it. This method contemplates, first, payment of the tax. It then provides for an application to be made by the aggrieved taxable and addressed to the Commissioner of Internal Revenue for refund of the tax. If his application be granted, his grievance has been satisfied; if it be rejected, he may bring suit against the collector in a court of law to recover the amount of the tax and there succeed or fail according to the merits of his case. These proceedings have often been referred to by the Supreme Court as 'a complete and exclusive system of corrective justice' and as providing the sole remedy for a taxpayer against the illegal and erroneous assessment and collection of taxes."

Again, we are directed to section 3224 of the U. S. Rev. St. (26 USCA § 154), which says that: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Hence it follows that the collection of the taxes in the instant cases was not stayed by statute or decree, since a stay would have been in direct conflict with the law on the subject. To say that the collector delayed in forcing collection is not synonymous with saying he was stayed against making collection.

What, then, does the phrase relating to "stay" mean? Since it may be assumed that at the time of the enactment of section 611 (26 USCA § 2611) the Congress was aware that no such tax collection could be restrained by judicial action, it cannot be reasoned that a judicial stay was contemplated.

Having arrived, then, at the conclusion that "stay" and "delay" are not synonymous, and that the stay mentioned in the section does not refer to a judicial stay, and finding no law under which a statutory stay would become operative, we must look further.

·The Revenue Act vests the Commissioner of Internal Revenue with power to establish rules and regulations for the enforcement of the act, pursuant to which the Commissioner may have established rules where claims in abatement are filed, but no pertinent rule or regulation has been brought to my attention. It has been suggested that a stay may also have arisen under an agreement between the collector and the taxpayer, suspending the operation of the limitation by staying the collector. A reasonable view to take concerning the meaning of the word "stay" is that it connotes a state of facts either under rules and regulations or under stipulations made pursuant thereto which would in effect restrain the collector from making collection pending the decision of a claim.

The motions to strike out the answers in these cases are granted and orders to that effect will be entered.